ANNIE L. CHERRY v. JOHN B. GILLIAM AND SALLIE B. GILLIAM, HIS WIFE.

(Filed 29 February, 1928.)

**1. Mortgages—Rights and Liabilities of Parties—of Purchaser under Foreclosure—of Mortgagor—Redemption.**

The last and highest bidder at a foreclosure sale of a mortgage on lands is but a proposed purchaser under the provisions of C. S., 2591, acquiring no right until the statutory provision of ten days has expired, and the payment of the full mortgage indebtedness to the mortgagee within that time cancels the instrument and all rights arising thereunder.

**2. Same.**

Within the statutory limit of ten days from the time of a foreclosure on lands under the powers contained in a mortgage, the payment of the full mortgage debt to the mortgagee cannot be a wrong, or a fraud in damages on the last and highest bidder at the sale, and no recovery of damages can be had by him against the mortgagor or a purchaser from him to whom the equity of redemption has been conveyed.

**3. Action—Grounds and Conditions Precedent in General.**

Damages for an injury are awarded only when they are caused by a wrongful act done to the complaining party.

APPEAL by plaintiff from *Moore, Special Judge,* at January Term, 1928, of BERTIE. Affirmed.

*Craig & Pritchett for plaintiff.*
*Gillam & Spruill for defendants.*

ADAMS, J. W. T. Cherry and James S. Cherry owned a tract of land as tenants in common. On 4 February, 1922, W. T. Cherry and his wife executed and delivered to R. L. Spruill a mortgage deed conveying their undivided interest therein to secure a note held by the mortgagee. Spruill transferred the note and mortgage to John B. Gilliam, one of the defendants, and upon the mortgagors' default in payment Gilliam requested Spruill to sell the land under the power contained in the mortgage. The sale was made on 2 February, 1923, and the plaintiff became the last and highest bidder at the price of $355, subject to the provisions of C. S., 2591. Before the expiration of ten days from the time of the sale the mortgagors conveyed to Sallie B. Gilliam all their interest and estate in the mortgaged premises. The plaintiff alleges that this conveyance was procured by the grantee's husband with intent to defeat "her rights acquired in and to the said property by virtue of bidding the same off at the public sale"; but the defendants say that before the expiration of the statutory limitation Mrs. Gilliam purchased the land for a valuable and adequate consideration and paid the amount due on the mortgage, together with the expenses incurred in making the sale, and thereby became the owner in fee of the land in question. It is furthermore alleged that after the ten days had expired the plaintiff tendered to John B. Gilliam the amount of her bid and demanded of him the execution of a deed, and that he has refused to comply with her demand. The trial judge being of opinion that the plaintiff was not entitled to recover, rendered judgment in favor of the defendants and the plaintiff excepted and appealed.

It is provided in section 2591 that in the foreclosure of mortgages the sale shall not be deemed to be closed under ten days, and if within this time an increased bid is paid to the clerk the mortgagee, by order of the clerk, shall reopen the sale, advertise the property as in the first instance, and make a resale; and that upon the final sale the clerk shall issue an order to the mortgagee to make title to the purchaser. It has been held with respect to this statute that it was enacted for the protection of mortgagors when sales are made under a power of sale without a decree of foreclosure by the court; that it confers no power on the clerk to make any orders unless the bid is increased; that in the absence of such bid

no report is necessary; and that if an increased bid is paid, the clerk cannot make any orders until the expiration of ten days. *Briggs v. Developers,* 191 N. C., 784; *Trust Co. v. Powell,* 189 N. C., 372; *In re Ware,* 187 N. C., 693; *Lawrence v. Beck,* 185 N. C., 196; *Pringle v. Loan Asso.,* 182 N. C., 316; *In re Sermon's Land, ibid.,* 122.

The plaintiff's object is not to compel Spruill, as the mortgagee who made the sale, specifically to perform his contract, for he is not a party to the suit; her object is to recover damages from the defendants for fraudulently accepting a deed from the mortgagors, and thereby defrauding her of the rights she had acquired in the property by virtue of her bid. What rights had she acquired? The word "damages" is defined as compensation which the law awards for an injury—"injury" meaning a wrongful act which causes loss or harm to another. In the last of the cases cited above *(In re Sermon's Land)* it is said that during the ten-day limitation prescribed in section 2591 the bidder acquires no interest in the property itself, but occupies a position similar to that of a bidder at a judicial sale before confirmation, and that such bid is considered only as a proposal to buy, which the court may accept or reject in its discretion. This familiar principle has been maintained with unbroken uniformity. It follows that the plaintiff during the ten days prescribed by the statute acquired no interest in the mortgaged property and suffered no loss for which she is entitled to recover damages. The plaintiff's "proposal to buy" did not confer a right which the law will recognize as paramount to the agreement by which pending the time limited the mortgage debt was satisfied and canceled. See *Sutton v. Craddock,* 174 N. C., 274; *Upchurch v. Upchurch,* 173 N. C., 88. Judgment

Affirmed.