STATE OF NORTH CAROLINA v. WALTER BRYANT, JR.

No. 290A86

(Filed 18 November 1986)

**Criminal Law § 138.26— sentence—great monetary loss as aggravating factor—factor applicable only to property damage**

In imposing a sentence in excess of the presumptive term for assault with a deadly weapon with intent to kill inflicting serious injury, the trial judge erred in finding as an aggravating factor that the offense involved damage causing great monetary loss based on the victim's medical expenses and lost wages, since the statutory aggravating factor of damage causing great monetary loss applies only to property damage and not to personal injury.

Justice MARTIN dissenting.

Justices MITCHELL and BROWNING join in this dissenting opinion.

APPEAL by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 80 N.C. App. 63, 341 S.E. 2d 358 (1986), affirming sentences imposed by the trial court following the defendant's conviction at the 13 August 1984 Criminal Session of Superior Court, HALIFAX County, *Allsbrook, J.*, presiding.

The defendant was tried upon indictments charging him with assault with a deadly weapon with intent to kill Marvin Hardy, assault with a deadly weapon with intent to kill inflicting serious injury on Margie Bryant, and discharging a firearm into an occupied vehicle. He was acquitted of the assault on Marvin Hardy and convicted of the other two offenses. From an active sentence of seven years on the conviction of aggravated assault against Margie Bryant, the defendant appealed to the Court of Appeals. Heard in the Supreme Court 14 October 1986.

*Lacy H. Thornburg, Attorney General, by Dolores O. Nesnow, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for the defendant-appellant.*

BILLINGS, Chief Justice.

In imposing a sentence in excess of the three-year presumptive term, the trial judge found as an aggravating factor that "The offense involved damage causing great monetary loss," factor 23 on the sentencing form supplied by the Administrative Office of the Courts and taken from N.C.G.S. § 15A-1340.4(a)(1)m. The evidence upon which the aggravating factor was based was the victim's testimony that as the result of her injuries she had incurred medical expenses of approximately $5,000.00 plus lost wages of $1,000.00. The Court of Appeals rejected the defendant's contention that the statutory aggravating factor of damage causing great monetary loss applies only to property damage and not to personal injury. Eagles, J., dissented from the portion of the majority opinion that upheld the application of that aggravating factor to include monetary loss resulting from personal injury.[1]

---

1. Although Judge Eagles in his dissent also disagrees with the majority's rejection of the defendant's contention that use of the aggravating factor of damage causing great monetary loss improperly relies upon evidence necessary to prove an

We agree with the defendant and Judge Eagles and reverse the Court of Appeals.

N.C.G.S. § 15A-1340.4 contains a list of aggravating factors that a judge must consider in determining the appropriate sentence for a person convicted of a felony. In construing those statutory aggravating factors, it is our duty not to substitute our own view as to what should or could constitute statutory aggravating factors, but to construe the statute in a reasonable manner consistent with the apparent intent of the General Assembly, guided by the rule of statutory construction that criminal statutes are to be strictly construed. *In re Banks*, 295 N.C. 236, 244 S.E. 2d 386 (1978).

N.C.G.S. § 15A-1340.4(a)(1) (1983) sets forth 16 factors listed as "a." through "p." However, within most factors are set forth two or more alternative or disjunctive provisions, such as "c. The defendant was hired *or* paid to commit the offense," and "i. The defendant was armed with *or* used a deadly weapon at the time of the crime." (Emphasis added.) By separating out each of these alternative or disjunctive provisions, the Administrative Office of the Courts has provided to the trial courts a sentencing form which contains 27 separate statutory factors, one of which is "23. The offense involved damage causing great monetary loss."

In construing the legislative intent regarding the contested factor, we find it helpful to consider the factor in its statutory context, not isolated as it appears on the sentencing form.

Factor m. listed in N.C.G.S. § 15A-1340.4(a)(1), from which factor 23 on the sentencing form is derived, is "The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband."

Without question, the aggravating factor as worded can be construed as the State would have us construe it. Whether that construction, which is possible but not compelled, is in fact the interpretation intended by its drafters may be determined by looking to the sparse legislative history available and by a commonsense reading of the provision itself.

element of the offense, i.e., serious injury, the defendant has not brought that issue forward in his brief to this Court.

When N.C.G.S. § 15A-1340.4 was enacted in 1979, the list of aggravating factors was limited to three, which were:

(a) In committing the offense, the defendant inflicted bodily injury on another person substantially in excess of the minimum amount necessary to prove the offense.

(b) In committing the offense, the defendant inflicted property loss or damage substantially in excess of the minimum amount necessary to prove the offense.

(c) The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants in its commission.

1979 N.C. Sess. Laws ch. 760.

In 1981, the list of aggravating factors was rewritten and expanded. (1981 N.C. Sess. Laws ch. 179.) Former factor (a) was deleted and no factor including the phrase "inflicted bodily injury" was carried forward, although the new factor "f. The offense was especially heinous, atrocious, or cruel" was among those added and addresses some of the same concern that was addressed by original factor (a).

The list of new aggravating factors, introduced on 4 February 1981 as Senate Bill 72, replaced old factor (b), which had referred to the defendant's having "inflicted property loss or damage substantially in excess" of the amount necessary for the offense, with new factor m., worded as follows:

The offense involved an attempted or actual taking or damage of great monetary value, or the offense involved an unusualaly [sic] large quantity of contraband.

See North Carolina Academy of Trial Lawyers, Presumptive Sentencing, 1981. Obviously because one does not "take" monetary value, and "damage" creates loss rather than value, the drafters rewrote factor m to take care of the grammatical problem which existed with the factor as introduced. The rewritten version requires the "taking of property" and "damage causing . . . loss." This legislative history supports a construction of the statute consistent with the view that the General Assembly intended for the factor to apply only to monetary loss resulting from damage to property.

State v. Bryant

We are further convinced of that construction by the fact that lawyers and judges reading and applying factor m. since its enactment in 1981 have consistently applied it only to property damage, as evidenced by the fact that in this case, tried 13 August 1984, is the first time that the construction urged by the State has been applied to this factor in cases brought to the appellate courts, although we have reviewed numerous cases in which the injuries inflicted on victims resulted in long hospitalization and incapacity.

Finally, we believe that application of the Court of Appeals' decision would create a great deal of uncertainty about when and whether the factor exists. Must the trial judge find the aggravating factor if the victim of an assault inflicting serious injury is a business executive who loses several thousands of dollars in salary? Is that situation subject to aggravation, but not the same injury to a school child or housewife who does not lose wages as the result of the injury? If the victim suffers no actual monetary loss because loss resulting from the injuries is covered by insurance, does the factor not apply? Or does loss to the insurance company constitute loss which the sentencing judge must consider? We do not believe that the General Assembly intended to tie this factor to remote effects of the defendant's crime which are dependent upon a variety of factors over which the defendant had no control and about which he had no knowledge. Of course, the judge does have the authority to require the defendant, as a condition of probation or parole, to make restitution of monetary loss to the victim. N.C.G.S. §§ 15A-1343(d), 15A-1374(b)(11a), 148-57.1.

We believe that it would require quite a liberal interpretation of the statute to conclude that the General Assembly intended, by using the word "damage" rather than "injury," when they had used the phrase "bodily injury" in an earlier version to express the idea urged upon us here, and by placing the factor among a group of purely property-related factors, to convey the message that it intended by that factor to require trial judges to consider the amount of an injured victim's hospital expenses and lost wages in determining the appropriate sentence.

However, none of this discussion should be interpreted as a ruling by this Court that under no circumstances may the finan-

cial burden imposed upon the victim by his or her injury ever be considered a non-statutory aggravating factor. We merely hold that consideration of that factor is not statutorily mandated.

For the reasons stated above, the decision of the Court of Appeals is reversed and the case remanded to that court for further remand to the Superior Court of Halifax County for resentencing upon the guilty verdict of assault with a deadly weapon with intent to kill inflicting serious injury.

Reversed and remanded.

Justice MARTIN dissenting.

I respectfully dissent. The majority's characterization of N.C.G.S. § 15A-1340.4(a)(1)(m) (1983) as "replacing" only N.C.G.S. § 15A-1340.4(b) (1981) is grossly misleading. When the new list of aggravating factors was enacted by the legislature in 1981, *both* old factor "a" (concerning infliction of bodily injury) and old factor "b" (concerning property loss) were simultaneously repealed. 1981 N.C. Sess. Laws ch. 179. If we are to interpret new factor "m" as having "replaced" anything, it is *both* old factor "a" and old factor "b." As such, it is appropriate to construe factor "m" as referring to the infliction of loss to either property or to bodily health.

I also cannot agree that the fact that the text of factor "m" as found in Senate Bill 72 was changed between the 4 February 1981 draft and the later draft eventually introduced supports the construction of the statute urged by the majority. The version of 4 February 1981 is so ungrammatical and contains such an obvious typographical error that it is clear that factor "m" was simply not typed in the way the drafters intended. It stands to reason that the change appearing in the later draft merely corrected this clerical error rather than adding anything substantially to the meaning of the text.

The current statute may be read grammatically as follows:

[A] The offense involved [either]

    [1] an attempted or actual taking of property of great monetary value or

    [2] damage causing great monetary loss, or

[B] the offense involved an unusually large quantity of con-
traband.

Analysis of the first part of the statute reveals that—"replacing"
old factors "a" and "b"—the legislature was concerned with the
*taking* of valuable property in one clause and *damage* generally in
another. The obvious intent was to provide that if a defendant
deprived someone of something valuable, whether by removal or
injury, this fact should be considered an aggravating factor dur-
ing sentencing for the offense causing the deprivation. If a
criminal defendant's acts injure a person, depriving him of his
own health and causing him to incur great monetary loss, the
defendant's "offense involved . . . damage causing great mone-
tary loss."

This interpretation requires no liberality of statutory con-
struction. It is in accord with the legislative history of N.C.G.S.
§ 15A-1340.4(a) and with the presumption we must apply that the
General Assembly relies on commonsense definitions of words
when drafting statutes. "When the words of a statute have not ac-
quired a technical meaning, they must be construed in accordance
with their common and ordinary meaning unless a definite mean-
ing is apparent or definitely indicated by the context." *State v.
Lee*, 277 N.C. 242, 243, 176 S.E. 2d 772, 773 (1970). *Accord State v.
Ludlum*, 303 N.C. 666, 281 S.E. 2d 159 (1981) (courts may consult
dictionaries to ascertain ordinary meaning of words in statutes).
Black's Law Dictionary 351 (5th ed. 1979) defines "damage" as
"[l]oss, injury, or deterioration, caused by the negligence, design,
or accident of one person to another, in respect of the latter's *per-
son or property* . . . By damage we understand *every* loss or
diminution of what is a man's own, occasioned by the fault of
another. The harm, detriment or loss sustained by reason of an in-
jury." (Emphases ours.) Webster's Ninth New Collegiate Dic-
tionary 323 (1984) lists as its primary definition of "damage": "1:
loss or harm resulting from *injury to person*, property, or reputa-
tion." (Emphasis ours.) *See Cherry v. Gilliam*, 195 N.C. 233, 235,
141 S.E. 594, 595 (1928) ("The word 'damages' is defined as com-
pensation which the law awards for an injury—'injury' meaning a
wrongful act which causes loss or harm to another."). Because
"damage" includes injury to a person, the phrase "or damage
causing great monetary loss" in N.C.G.S. § 15A-1340.4(a)(1)(m)
must include monetary loss resulting from personal injuries.

I would also point out that the issue of whether "the General Assembly intended to tie this factor to remote effects of the defendant's crime which are dependent upon a variety of factors over which the defendant had no control and about which he had no knowledge" is not before us in the instant case. The expensive medical care needed by defendant's ex-wife after defendant shot her from close range in the back and arm was a direct, not a "remote," consequence of defendant's criminal acts. If a person can be held liable for money damages in a civil action for all of the reasonably foreseeable consequences of his *negligent* acts, then surely a criminal defendant should be held to have taken the risk of being given a greater sentence if his *intentional* acts directly involve "damage causing great monetary loss." *See Lane v. R. R.*, 192 N.C. 287, 290, 134 S.E. 855, 857 (1926) ("The broad general rule, with respect to compensatory damages, which are given as the pecuniary equivalent for the injury done, is that the wrongdoer is liable to the person injured for all the natural and direct or proximate consequences of his wrongful act or omission . . . . In the case of torts . . . [s]uch liability extends not only to injuries which are directly and immediately caused by his act, but also to such consequential injuries, as according to the common experience of men, are likely to result from such act."). In the instant case, it strains credulity to think that when defendant shot his ex-wife he was unaware that the damage he caused to the victim would result in expensive medical care.

For the above reasons I vote to affirm the decision of the Court of Appeals.

Justices MITCHELL and BROWNING join in this dissenting opinion.