STATE OF NORTH CAROLINA v. JAMES CURTIS SOWELL AND LONNIE ALONYA SAMUEL

No. 330A86

(Filed 18 November 1986)

1. **Criminal Law § 138.26— sentence—great monetary loss as aggravating factor —factor applicable only to personal property**

   In a prosecution of defendants for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in finding as an aggravating factor that the offense involved damage causing great monetary loss based on the victim's hospital and medical expenses, since this factor applies only to damage to property causing great monetary loss and not to great monetary loss incurred because of a personal injury. N.C.G.S. 15A-1340.4(a)(1)m.

2. **Assault and Battery § 13— assault with deadly weapon with intent to kill inflicting serious injury—medical expenses incurred by victim—same evidence not used to prove element of offense and aggravating factor**

   There was no merit to defendant's contention that consideration of the medical expenses incurred by the assault victim was prohibited by N.C.G.S. § 15A-1340.4(a)(1), which provides that evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, since evidence of large medical and hospital expenses may be used to establish the element of serious injury but such expenses are not inherent in every instance of a serious injury, nor are such expenses a necessary method for proving the element of serious injury; moreover, the State did not rely on such expenses to establish the element of serious injury, but instead presented evidence of the permanent disabilities suffered by the victim as a result of the assault to prove serious injury.

   Justice MARTIN dissenting in part.

   Justices MITCHELL and BROWNING join in this dissenting opinion.

APPEAL by defendants of right pursuant to N.C.G.S. § 7A-30 (2) from the decision of a divided panel of the Court of Appeals, 80 N.C. App. 465, 342 S.E. 2d 541 (1986), affirming sentences imposed by the trial court following defendants' convictions at the 27 May 1985 Criminal Session of Robeson County Superior Court, *McLelland, J.*, presiding.

Defendants were tried on indictments charging them with assault with a deadly weapon with intent to kill inflicting serious injury on Charles Sisk. Defendants were each convicted of the offense, received an active sentence of fifteen years, and appealed to the Court of Appeals. Heard in the Supreme Court 14 October 1986.

*Lacy H. Thornburg, Attorney General, by J. Charles Wald-rup, Associate Attorney General, for the State.*

*Bruce F. Jobe, for defendant appellant Sowell.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant appellant Samuel.*

PARKER, Justice.

[1] In imposing sentences in excess of the presumptive terms, the trial court found as an aggravating factor for each defendant that "The offense involved damage causing great monetary loss," which is listed as Factor 23 on the sentencing form supplied by the Administrative Office of the Courts and derived from N.C.G.S. § 15A-1340.4(a)(1)m (1983). This aggravating factor was based upon the victim's testimony at the sentencing hearing when, in response to the question of what was his best recollection as to the total amount of his hospital and medical expenses, he answered that he had "seen somewhere in the area of thirty to forty thousand dollars" and had been told by his employer that "it was between seventy-five and a hundred thousand." Both defendants appealed the trial court's consideration of this aggravating factor in sentencing to the Court of Appeals, which affirmed the sentences. For the reasons stated in Judge Eagle's dissent, on the same issue, in *State v. Bryant*, 80 N.C. App. 63, 341 S.E. 2d 358 (1986), Judge Becton dissented from that portion of the majority opinion that affirmed the trial court's interpretation of N.C.G.S. § 15A-1340.4(a)(1)m as including monetary loss resulting from personal injury.

Based on Judge Becton's dissent, defendants contend that the trial court's consideration of the victim's medical and hospital expenses, in aggravation of the sentences under N.C.G.S. § 15A-1340.4(a)(1)m, was erroneous for two reasons. First, defendants argue, this factor applies only to damage to property causing great monetary loss and not to great monetary loss incurred because of a personal injury. We agree with defendants and for the reasons stated in this Court's recent decision in *State v. Bryant*, Case No. 856SC386 (filed 18 November 1986), we reverse the Court of Appeals and find that N.C.G.S. § 15A-1340.4(a)(1)m does not include monetary loss resulting from personal injury.

[2] Next, defendant Sowell contends that consideration of the medical expenses incurred by the victim also is prohibited by N.C.G.S. § 15A-1340.4(a)(1) (1983), which provides that "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation, and the same item of evidence may not be used to prove more than one factor in aggravation." Defendant Sowell argues that the monetary loss suffered by the victim was simply additional evidence of the seriousness of the injury inflicted in the assault, and that introduction of this evidence at the sentencing hearing was impermissible because it was not a separate factor to be considered by the trial court for any other purpose.

When considering defendant Sowell's argument, this Court must focus on whether it was essential for the State to use this evidence in establishing the element of serious injury for conviction of this crime. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983). Although evidence of large medical and hospital expenses is both properly and frequently used to establish the element of serious injury, such expenses are not inherent in every instance of a serious injury, nor are such expenses a necessary method for proving the element of serious injury. The loss of an eye or a limb may not generate large medical expenses, yet undeniably the injury would still be serious. In addition, the State did not rely on such expenses to establish the element of serious injury, and instead presented evidence of the permanent disabilities suffered by the victim as a result of the assault to prove serious injury. Consequently, this Court finds that defendant Sowell's argument is without merit.

We have recognized that when a victim suffers multiple injuries, one of which would be sufficient to establish the element of serious injury, the additional injuries may be considered when sentencing a defendant without violating the prohibition in N.C.G.S. § 15A-1340.4(a)(1) against use of the same evidence to prove both an element of an offense and an aggravating factor. *State v. Vaught*, 318 N.C. 480, 349 S.E. 2d 583 (1986); *State v. Carter*, 318 N.C. 487, 349 S.E. 2d 580 (1986). In these cases, however, the aggravating factor considered by the trial court was N.C.G.S. § 15A-1340.4(a)(1)f (1983), "The offense was especially heinous, atrocious or cruel."

The monetary loss incurred by the victim as a result of the assault was found as a statutory aggravating factor by the trial court. Whether or not the monetary loss could have been found as a non-statutory aggravating factor is not before this Court.

For the reasons stated above, the decision of the Court of Appeals is reversed and the case remanded to that court for further remand to the Superior Court of Robeson County for resentencing in the convictions of assault with a deadly weapon with intent to kill inflicting serious injury.

Reversed and remanded.

Justice MARTIN dissenting in part.

For the reasons set forth in my dissenting opinion in *State v. Bryant* (No. 290A86, filed 18 November 1986), I dissent from that part of the majority opinion holding that N.C.G.S. § 15A-1340.4 (a)(1)(m) applies only to damage to property causing great monetary loss and not to monetary loss resulting from personal injuries caused by a defendant during the commission of his offense.

Justices MITCHELL and BROWNING join in this dissenting opinion.