MURNAGHAN, Circuit Judge:
 

 Section 549 of the Bankruptcy Code authorizes a bankruptcy trustee to avoid any transfers of the debtor’s property made after the filing of a petition for bankruptcy. A post-petition transfer of real estate made to a good faith purchaser, however, may only be avoided if proper notice of the petition is given “before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire [a superior interest].” 11 U.S.C. § 549(c).
 
 *
 
 The question presented
 
 *57
 
 here is whether the § 549(c) exception should be applied to the case before us, where the requisite notice was filed
 
 after
 
 a post-petition foreclosure sale held by the mortgagee but
 
 before
 
 judicial ratification of that sale. We conclude that the exception does not apply because the purchaser’s interest had not been “perfected” by the time that notice of the bankruptcy petition was filed.
 

 On September 20, 1988, Edward D. Ko-nowitz, the debtor, filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. He proposed a wage-earner reorganization plan to catch up on his mortgage arrears. Three days after the petition was filed, Commonwealth Mortgage Company of America, without knowledge of the filing of the petition, conducted a foreclosure sale of Konowitz’ residence. The property was purchased for $71,500 by the Daughertys, who also did not have knowledge of Konowitz’ bankruptcy petition. On October 5, 1988, Ko-nowitz filed notice of his bankruptcy in the Circuit Court of Howard County, Maryland, the location of the relevant land records.
 

 Commonwealth and Domino Management, Inc., the Daughertys’ successor-in-interest, filed a motion with the bankruptcy court to modify the automatic stay imposed by the filing of the bankruptcy petition and to ratify the foreclosure sale
 
 nunc pro tunc.
 
 They argued that the “good faith purchase” exception of § 549(c) applied to the foreclosure sale. The bankruptcy court denied the motion, concluding that the § 549(c) exception did not apply. The bankruptcy court’s judgment was affirmed by the United States District Court for the District of Maryland.
 

 The district court recognized that notice of the bankruptcy petition was not filed by Konowitz until after the date of the foreclosure sale and that neither the purchasers, who paid fair value for the property, or Commonwealth, the mortgagee, had prior notice of the filing. The problem however was that under Maryland law a deed cannot be recorded, or title transferred, until after judicial ratification of the foreclosure sale, which in turn does not occur until after the
 
 order nisi
 
 period has run.
 

 The district court found that the automatic stay of § 362 of the Code operated to stay the proceedings against Konowitz’ property and therefore brought to a halt all of the steps necessary to complete the foreclosure sale. Thus, the district court concluded, the purchasers did not perfect their title before October 5, 1988, the date on which notice of the bankruptcy was filed. The district court noted that its decision was consistent with the purpose behind § 549(c): “[It] was enacted to protect innocent purchasers from being defrauded by debtors transferring property post-petition. ... [It] was not intended to protect the actions of foreclosing mortgagees.” The district court also noted that the property at issue was vital to an effective reorganization. Commonwealth and Domino have appealed the district court’s decision.
 

 The appellants argue that the district court erred. The standard applied by the court below required the purchasers to “perfect” their interest prior to the filing of a bankruptcy notice whereas the appellants argue that § 549(c) only requires that the transfer be sufficiently completed to defeat any subsequent purchaser. They assert that because, under Maryland law, no subsequent purchaser could have obtained an interest superior to the interest the purchaser acquired in the foreclosure sale, the transfer fell within the “good faith purchase” exception of § 549(c).
 

 The appellants construct a detailed argument showing why, under Maryland law, a subsequent purchaser could not acquire an interest superior to what the purchaser obtained at the foreclosure sale: (1) after property is sold at a foreclosure sale, equity regards the property right in the buyer; (2) the sale divests the mortgagor of all rights of redemption; (3) one who purchases property takes it subject to all known prior equities; (4) a purchaser has a duty to investigate the title before purchase; and (5) the foreclosure sale, having been filed in the relevant Maryland circuit court, would be easily discoverable.
 

 
 *58
 
 The appellants read the statute to require that a particular transfer only proceed to the point where no subsequent purchaser could acquire an interest superior to that of the transferee, even if the transferee’s interest has not been “perfected” under applicable law. We, however, reject the appellants’ position and interpret § 549(c) to require that the transferee “perfect” its security interest, under applicable state law, prior to escaping the avoidance powers of the bankruptcy trustee. “[S]o perfected” does not, as the appellants suggest, refer to a stage of completion at which no subsequent purchaser could acquire a superior interest given the particular circumstances of the transfer; rather, it refers to the point at which state law generally recognizes the transferee’s interest to be perfected.
 

 Important to our interpretation is the nature of the hypothetical purchaser introduced by the statute. Section 549(c) requires that the transferee’s interest be “so perfected” that a
 
 “bona fide
 
 purchaser of such property” could not acquire a superior interest. That the hypothetical purchaser is described as
 
 bona fide
 
 is critical.
 
 Bona fide
 
 purchasers take in good faith, they do not take subject to known equities.
 
 See, e.g., Lewis v. Rippons,
 
 282 Md. 155, 388 A.2d 676 (1978) (purchaser who takes subject to known equities is not
 
 bona fide
 
 purchaser). By requiring the transferee to have an interest that is superior to that of a subsequent purchaser who is, by definition,
 
 bona fide,
 
 the statute essentially requires a transferee to “perfect” his interest.
 

 Commonwealth argues that if you look to the details of the foreclosure process under Maryland law, there can be no
 
 bona fide
 
 purchaser in this case. But the statute does not ask whether a subsequent purchaser could be
 
 bona fide
 
 in the particular case; rather, it introduces a hypothetical
 
 bona fide
 
 purchaser and asks if he could acquire an interest superior to that of the transferee. The statute makes a good deal of sense — rather than analyzing the particulars of a given case and speculating as to the future, a court need only analyze whether the general requirements to beat subsequent
 
 bona fide
 
 purchasers (here, recordation) have been met. Even in the present case, the appellants ask us to speculate that the foreclosure sale will in fact be ratified and that the interest obtained from that sale will indeed be recorded at some future date.
 

 The argument advanced by the appellants has also been rejected by the Third and the Ninth Circuits. In
 
 In re Ward,
 
 837 F.2d 124 (3rd Cir.1988), the debtor had already filed a petition for bankruptcy when an unwitting sheriff conducted a sale of the debtor’s property to satisfy a mortgagee's foreclosure judgment. The good faith purchaser of the property did not record the deed and the debtor filed notice of his bankruptcy petition. When the bankruptcy court avoided the transfer, the purchasers argued that their purchase fell within the good faith purchase exception of § 549(c). They argued, as do appellants here, that because of the special nature of foreclosure proceedings under New Jersey law, no subsequent purchaser could take an interest without being on notice. The Third Circuit refused “to require the bankruptcy court to make an ad hoc determination of the respective rights of the [particular] purchaser.” 837 F.2d at 127. Rather, the court held that the inquiry is an objective one, permitting prompt determination: “whether the purchaser has taken the steps necessary under state law to perfect its claim against any hypothetical subsequent bona fide purchaser, who, by definition, would be one without notice of [the prior] claim.”
 
 Id.
 

 In
 
 In re Walker,
 
 861 F.2d 597 (9th Cir.1988), the Ninth Circuit took the same position when faced with a good faith purchaser who had obtained the debtor’s property in a post-petition foreclosure sale and who did not record his deed before the debtor recorded notice of bankruptcy. The Ninth Circuit simply held that the purchaser’s interest had not been perfected upon the consummation of the foreclosure proceedings because the interest had not been recorded.
 
 Id.
 
 at 600. The purchaser argued that no hypothetical purchaser could qualify as a
 
 bona fide
 
 purchaser. The Ninth Circuit rejected this argument, explicitly adopting the Third Circuit’s reasoning.
 
 Id.
 

 
 *59
 
 Therefore, even if the appellants fairly characterize Maryland law regarding foreclosure sales, we think they misinterpret what the Bankruptcy Code requires. Subsection 549(c) requires that the transfer proceed to the point at which no subsequent
 
 bona fide
 
 purchaser could take superior title, that is, the point of perfection.
 

 Because the interest that the Daughertys took at the foreclosure sale was not “perfected” before notice of Ko-nowitz’ bankruptcy was filed, the transfer does not fall within § 549(c). Section 3-203 of the Maryland Real Property Code provides that every
 
 recorded
 
 deed has priority over subsequent deeds, unless the subsequent deed was recorded first, without notice, and in good faith. Perfection does not occur until recordation of the deed. When Konowitz filed notice of his bankruptcy petition, the foreclosure sale had not been ratified by the state court. Legal title had not passed. No deed had been delivered. No deed had been recorded as required by § 3-203. The purchasers had only an equitable interest in the property.
 

 Consistent with Sir Edward Coke’s observation that “law is the perfection of reason,” we affirm the district court for the reason that perfection is required by law. The judgment of the district court is, therefore,
 

 AFFIRMED.
 

 *
 

 Title 11 U.S.C. § 549(c) provides in pertinent part:
 

 The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser....