STATE OF NORTH CAROLINA v. STEPHEN BRIAN JONES

No. 9019SC1180

(Filed 15 October 1991)

1. **Criminal Law § 34.7 (NCI3d) — assault — placing gun to head of another — admissible**

    The trial court did not abuse its discretion in a prosecution for assault and for discharging a weapon into occupied property by admitting evidence that defendant had placed a gun to the head of a fourteen year old boy, who was not the victim of the assault, when questioning the boy regarding stolen cocaine. The evidence was relevant and admissible to show that defendant shot because he believed the victim had stolen cocaine from him; the conduct occurred within the minutes just before the shots were fired and within the same continuous sequence of events when defendant questioned first the boy and then the victim about the stolen drugs; and the prejudicial effect is not undue given the probative nature of the evidence, the fact that defendant admitted the shooting, and the testimony of the victim and another eyewitness.

    **Am Jur 2d, Evidence §§ 324, 325.**

2. **Criminal Law §§ 1176, 1120 (NCI4th) — aggravating factors — monetary damage to victim**

    There are circumstances under which the financial burden imposed upon the victim may be used as a nonstatutory aggravating factor; both *State v. Bryant*, 318 N.C. 632, and *State v. Sowell*, 318 N.C. 640, involved the statutory aggravating factor of great monetary loss.

    **Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598-599.**

3. **Criminal Law § 1120 (NCI4th) — aggravating factors — monetary damage to victim — evidence insufficient**

    There was insufficient evidence to support the nonstatutory aggravating factor that an injury caused great monetary damage to the victim where the evidence of the victim's medical bills and lack of insurance was placed before the

STATE v. JONES

[104 N.C. App. 251 (1991)]

court solely by the oral representation of the prosecuting attorney.

**Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598-599.**

**4. Criminal Law § 1120 (NCI4th) — assault — aggravating factors — monetary damage to victim — improper**

The trial court erred when sentencing defendant for assault with a deadly weapon inflicting serious injury by finding in aggravation that the injury caused great monetary damage to the victim where defendant shot the victim once in the foot, the victim also received injuries to his hand from broken glass panes in the front door which he encountered when he fled, and these injuries resulted in medical expenses totaling about $4700. Medical expenses which represent a financial burden to the victim may not be considered as a nonstatutory factor in aggravation unless they are excessive and go beyond that normally incurred from an assault of this type.

**Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598-599.**

**5. Criminal Law § 1119 (NCI4th) — discharging a firearm into an occupied building — aggravating factors — two shots — two year old in house**

The trial court did not err when sentencing defendant for discharging a firearm into an occupied building by finding as a nonstatutory aggravating factor that defendant shot indiscriminately at least two times into the dwelling house and barely missed a two year old child. The crime of discharging a weapon into an occupied building is accomplished when the defendant shoots once into the structure; further acts of shooting are above and beyond that necessary to prove the offense and increase the risk of harm to the people within, thereby increasing defendant's culpability. The vulnerability of the child to the flying bullets was increased due to her youth in that she was less likely to react defensively.

**Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598-599.**

APPEAL by defendant from judgment entered 5 June 1990 by *Judge Howard R. Greeson, Jr.* in CABARRUS County Superior Court. Heard in the Court of Appeals 17 September 1991.

Defendant was tried before a jury and convicted of assault with a deadly weapon inflicting serious injury and discharging a firearm into an occupied property. From sentences in excess of the presumptive terms, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas B. Wood, for the State.*

*William D. Arrowood for defendant-appellant.*

JOHNSON, Judge.

The evidence at trial tended to show that the victim, Rico Wallace, was visiting at the Smith home when the defendant came to the door and knocked. At the time, the house contained several adults and young children. Upon admittance to the house, the defendant went directly to a bedroom where he had earlier left his gun for safekeeping. In the room at the time were Tawanda Ann Smith and a fourteen year old boy. Tawanda testified that the defendant put his gun to the boy's head and asked him "Who got my cocaine from off the corner?" Defendant then went into the living room where he questioned Rico as to the whereabouts of the cocaine that defendant said Rico had taken from him. When Rico denied knowledge of the cocaine the defendant went outside and questioned others who were in the yard. Rico followed defendant to the yard. Following further argument defendant pulled his gun and shot Rico in the foot. As Rico fled into the house, defendant shot several more times in his direction, the bullets hitting the glass in the door and several striking a wall in the interior of the house. Several people were in the house at the time and a two year old child was standing in the doorway when the shooting began.

Defendant testified that he had been robbed earlier at gunpoint by Rico and that when he and Rico were in the yard he saw Rico reach into his pocket and pull a gun, causing the defendant to shoot first in self-defense. The victim denied having a gun.

## I.

**[1]** Defendant first contends that the trial court erred in admitting evidence that the defendant placed a gun to the head of the fourteen year old boy when questioning him regarding the stolen cocaine. This evidence was offered by the State during the testimony of Tawanda Smith. The act testified to occurred when defendant entered the bedroom to retrieve his gun and just before he confronted the victim in the living room and then shortly thereafter in the front yard where the shooting took place. The trial judge heard the evidence on *voir dire*, found the evidence admissible to show motive or intent and so instructed the jury. There is no evidence in the transcript that the judge explicitly weighed the probativeness of the evidence against the prejudice to the defendant. Defendant admits that the testimony was admissible under Rule 404(b) of the North Carolina Rules of Evidence, G.S. § 8C-1, for the purpose of showing motive. He argues that it should have been excluded because its probative value is outweighed by its prejudicial effect. G.S. § 8C-1, Rule 403.

Rule 403 requires the exclusion of evidence, even though relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" "Unfair prejudice" in the context of Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one." Commentary, G.S. § 8C-1, Rule 403 (1988); *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986). While evidence which is probative of the state's case will necessarily have a prejudicial effect on the defendant, the question is one of degree. *State v. Mercer*, 317 N.C. 87, 343 S.E.2d 885 (1986). We must decide whether the prejudicial effect of the testimony at issue is "undue" or substantially outweighs its probative value so as to require exclusion. *Id.* at 95, 343 S.E.2d at 889.

We find that this evidence was properly admitted. The defendant testified that he drew his gun and shot the victim in self-defense. The evidence in question was relevant and admissible to show that defendant in fact shot because he believed that the victim had stolen cocaine from him. The conduct at issue occurred within the few minutes just before the shots were fired and within the same continuous sequence of events when defendant questioned first the boy and then the victim about the stolen drugs. It therefore is probative of defendant's motive and intent. The prejudicial effect

is not "undue" given the probative nature of the evidence, the fact that the defendant admitted the shooting, the testimony of the victim and another eyewitness. The judge did not abuse his discretion in admitting this evidence. This assignment of error is overruled.

## II.

[2] Following the jury verdict of guilty on both charges, the trial court made findings of aggravating and mitigating factors for purposes of sentencing. As to both charges, the court found the statutory mitigating factor that the defendant had no record of prior criminal convictions. As to each charge the court found one non-statutory aggravating factor. For both charges, the court found that the aggravating factor outweighed the mitigating factor and sentenced the defendant to a prison term greater than the presumptive.

Defendant contends that the trial court erred in finding in aggravation of the assault conviction, that the victim's physical injury caused great monetary damage to the victim. He relies upon *State v. Bryant*, 318 N.C. 632, 350 S.E.2d 358 (1986) and *State v. Sowell*, 318 N.C. 640, 350 S.E.2d 363 (1986). In both *Bryant* and *Sowell* the defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury. In each case the trial judge found the statutory aggravating factor that the offense involved damage causing great monetary loss, G.S. § 15A-1340.4(a)(1)m. The Supreme Court held in each case that the statutory aggravating factor found in G.S. § 15A-1340.4(a)(1)m, referring to "damage causing great monetary loss," properly encompassed only monetary loss resulting from damage to property, not personal injury. *Bryant*, 318 N.C. at 635, 350 S.E.2d at 360; *Sowell*, 318 N.C. at 641, 350 S.E.2d at 364. But in *dictum*, the *Bryant* Court stated: "none of this discussion should be interpreted as a ruling by this Court that under no circumstances may the financial burden imposed upon the victim by his or her injury ever be considered a non-statutory aggravating factor. We merely hold that consideration of that factor is not statutorily mandated." 318 N.C. at 637, 350 S.E.2d at 361. Thus, there are circumstances under which the financial burden imposed upon the victim by his injury may be used as a non-statutory aggravating factor and neither *Bryant* nor *Sowell* prevents us from considering this issue.

**[3]**  Having decided that this factor may be considered in sentencing, we find that there are still two questions before us: (1) whether the evidence presented by the State is sufficient to support the non-statutory aggravating circumstance and (2) even assuming, *arguendo*, that this factor is sufficiently proved, whether under the facts of this case, the factor is proper as a matter of law. We find that under the facts of this case such a finding is in error.

Under the Fair Sentencing Act a trial judge may consider any non-statutory aggravating or mitigating factor which is proved by a preponderance of the evidence and which is reasonably related to the purposes of sentencing. G.S. § 15A-1340.4(a). The State bears the burden of proof if it wishes to establish the existence of an aggravating factor. *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983). Where the State presents insufficient evidence to support an aggravating circumstance the defendant is entitled to a new sentencing hearing. *State v. Thompson*, 314 N.C. 618, 336 S.E.2d 78 (1985); *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983). In *State v. Brown*, 312 N.C. 237, 321 S.E.2d 856 (1984), the trial court found as an aggravating factor that the defendant caused serious mental injury to the victim. The only evidence offered by the State in support of this factor was a statement by the district attorney that he had been told by the victim's husband that she had entered the hospital after testifying at trial, had been heavily sedated and was resting at home. The husband did not testify, nor did the State offer any medical testimony or medical reports to support its contention that the victim suffered a serious mental injury caused by the defendant's actions. Our Supreme Court found this evidence to be insufficient. *Brown*, 312 N.C. at 249-250, 321 S.E.2d at 863.

In the case *sub judice*, evidence concerning the victim's medical bills and his lack of insurance was placed before the court solely by the oral representation of the prosecuting attorney. No bills or records or other evidence was submitted. The victim did not testify nor did the defendant stipulate to the amounts or existence of the medical bills. We hold that the State presented insufficient evidence to support the non-statutory aggravating factor that the injury caused great monetary damage to the victim. Defendant is therefore entitled to a new sentencing hearing. *Ahearn*, 307 N.C. 584, 300 S.E.2d 689.

**[4]**  Normally, at a resentencing hearing, the State would be permitted to present proper evidence in support of an aggravating

STATE v. JONES

[104 N.C. App. 251 (1991)]

factor and the defendant would be permitted to rebut that evidence if he could. *State v. Jones*, 314 N.C. 644, 336 S.E.2d 385 (1985) (A resentencing hearing is a *de novo* proceeding at which the trial judge may find aggravating and mitigating factors without regard to the findings made at the prior sentencing hearing.). We expect that the State in this case would attempt to present evidence at the resentencing ·hearing which would properly prove the existence of this factor. We therefore continue our analysis and inquire as to whether, under the facts of the case *sub judice*, this factor can be properly found even assuming that the State meets its burden of proof. We hold that it cannot.

We note first that the defendant was convicted of assault with a deadly weapon inflicting serious injury, a class H felony, punishable by a maximum of ten years imprisonment, presumptive three years. It is assumed that when the legislature prescribed presumptive sentences under the Fair Sentencing Act it took into account the seriousness of the crime. *See State v. Medlin*, 62 N.C. App. 251, 253, 302 S.E.2d 483, 485 (1983). In this case the crime necessarily involves the inflicting of serious bodily injury upon the victim. With serious bodily injury necessarily goes, to a greater or lesser extent, the attendant pain and suffering, lost wages, medical bills and the like.

Our cases have consistently stated that under the Fair Sentencing Act the enhancement of a defendant's sentence must be based upon conduct which goes beyond that normally encompassed by the particular crime for which the defendant is convicted. *See State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983) (second degree murder: to find aggravating factor that offense is particularly heinous, atrocious or cruel, court must consider whether evidence discloses excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense); *accord State v. Higson*, 310 N.C. 418, 312 S.E.2d 437 (1984) (second degree murder and assault); *Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (manslaughter). Also, any factor used to increase or decrease a presumptive term must relate to the character or conduct of the offender. *State v. Chatman*, 308 N.C. 169, 180, 301 S.E.2d 71, 78 (1983) (*citing Ahearn*, 307 N.C. 584, 300 S.E.2d 689).

In the case *sub judice* the defendant shot the victim once in the foot. The victim also received cutting injuries to his hand from broken glass panes in the front door which he encountered

as he fled into the house. These injuries resulted in medical expenses totaling about $4,700. While medical expenses, which represent a financial burden on the victim, may be considered as a non-statutory factor in aggravation, *see Bryant*, 318 N.C. at 637, 350 S.E.2d at 361, we find that they may not be so used unless they are excessive and go beyond that normally incurred from an assault of this type. Therefore, the question before us is whether the medical expenses incurred by the victim in this case are so excessive or beyond that normally associated with an injury resulting from an assault inflicting serious injury that they may be used as a basis for enhancing defendant's sentence beyond the presumptive. We hold that under the facts of this case the medical expenses were not so excessive and the trial court erred in finding as a factor in aggravation that the injury caused great monetary damage to the victim.

### III.

[5]   Defendant also alleges that the trial court erred when it found in aggravation of the firearm offense that the "defendant shot indiscriminately at least two times into the dwelling home and barely missed 2 yr old Keosha Smith, a very young child of 2 yrs. old."

This aggravating factor would appear to encompass two separate findings: (A) that the defendant shot indiscriminately at least two times into the dwelling house and (B) that the shooting endangered a young child two years of age. We find no error in either finding.

The elements of the offense prohibited by G.S. § 14-34.1 are (1) the willful or wanton discharging (2) of a firearm (3) into any building (4) while it is occupied. A person violates this statute if he intentionally, without legal excuse or justification, discharges a firearm into an occupied building with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons. *State v. Williams*, 284 N.C. 67, 199 S.E.2d 409 (1973). The evidence at trial showed that defendant shot into the house several times within minutes of having stepped out of the house, that the house was occupied at the time by several adults and three young children including a two year old child, that as to the children, defendant actually knew of at least the two year old's presence, and that the two year old child was standing in the open front door when defendant fired his gun toward, and in fact struck, the door of the house.

STATE v. JONES

[104 N.C. App. 251 (1991)]

We note initially the oft-stated rule that non-statutory aggravating factors may be found by the court to the extent that they are (1) related to the purposes of sentencing and (2) proved by a preponderance of the evidence. G.S. § 15A-1340.4(a); *State v. Taylor*, 322 N.C. 280, 286, 367 S.E.2d 664, 668 (1988). One of the primary purposes of sentencing is to "impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability[.]" G.S. § 15A-1340.3.

(A)

As to the fact that defendant shot "at least two times into the house," we find that this may properly be used as a basis for aggravation. The crime of discharging a weapon into an occupied building is accomplished when the defendant shoots once into the structure. Any further acts of shooting are above and beyond that necessary to prove the offense for which defendant is convicted. The trial court may aggravate a sentence on the basis of conduct which is not used to prove an element of the offense for which the defendant is convicted if that conduct is proved by a preponderance of the evidence, increases the defendant's culpability and is related to the purposes of sentencing. G.S. § 15A-1340.4(a); *State v. Abee*, 308 N.C. 379, 302 S.E.2d 230 (1983). Defendant's act of repeatedly shooting into an occupied building increased the risk of the harm to the people within thereby increasing the defendant's culpability. We hold that this fact may therefore be used in aggravation of defendant's sentence on the firearm charge.

(B)

Regarding the finding that the shooting endangered a two year old child, this factor is not the statutory factor specified in G.S. § 15A-1340.4(a)(1)j (age or infirmity of victim) but is an additional non-statutory aggravating factor. Since the purpose of the statute prohibiting discharge of a firearm into a building is the protection of the occupant(s) of a building, *Williams*, 284 N.C. 67, 199 S.E.2d 409, any person located in the target building is a victim of this offense. In *State v. Hines*, 314 N.C. 522, 335 S.E.2d 6 (1985), our Supreme Court explained the effect of a victim's age as regards sentence enhancement under the Fair Sentencing Act:

> One of the purposes of sentencing is to impose a punishment commensurate with the offender's culpability. N.C.G.S.

§ 15A-1340.4(a) (1983). Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized. Unless age has such an effect, it is not an aggravating factor under the Fair Sentencing Act.

*Id.* at 525, 335 S.E.2d at 8.

We find that this reasoning applies to the facts in this case. Defendant shot several times into a dwelling in which he knew a young child was located. The child was in fact standing in the doorway when the defendant shot in the direction of the doorway. The vulnerability of the child to the flying bullets was increased due to her youth in that she was less likely to react defensively by fleeing or falling to the floor or by seeking other shelter from the multiple shots that flew around her. This assignment of error is overruled.

Guilt phase: No error.

Remand for resentencing in 90CRS3359 (assault).

Judges EAGLES and PARKER concur.