989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Jacqueline Albertine HUFFMAN, Debtor. Jacqueline
Albertine Huffman, Plaintiff-Appellant,
v.
MARYLAND NATIONAL BANK, Defendant-Appellee.
 No. 92-1664.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 29, 1992
Decided: March 24, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-92-482-Y, BK-91-5-6472-SD)
 Michael I. Gilbert, Baltimore, Maryland, for Appellant.
 Allan P. Feigelson, Riverdale, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Jacqueline Huffman defaulted on a second mortgage which was held by Maryland National Bank ("Bank"). After a foreclosure sale but before state court ratification of the sale, Huffman filed a petition for bankruptcy, automatically staying the state action. The Bank requested the bankruptcy court to remove the stay to allow the Maryland action to continue to its conclusion. The bankruptcy court granted the Bank's motion. Huffman appealed to the district court, which affirmed. Huffman now appeals to this Court, and we affirm the district court's decision.
 
 I.
 
 2
 The Bank holds a second mortgage on Huffman's residence in Glen Burnie, Maryland. After Huffman defaulted on the mortgage, the Bank foreclosed. Subsequent to the sale, yet prior to judicial approval of the sale as required by Maryland law,[1] Huffman filed a petition in bankruptcy under Chapter 13 of the Federal Bankruptcy Act, ("Code"), 11 U.S.C.A. §§ 1301-1330 (West 1979 & Supp. 1992).[2] Pursuant to 11 U.S.C.A. § 362(a) (West 1979 & Supp. 1992), Huffman's petition operated as an automatic stay on the foreclosure ratification proceedings in state court. The Bank motioned to lift the automatic stay. The bankruptcy court held that since the debtor maintained legal title in the house until a state court ratified the foreclosure sale, the automatic stay attached when Huffman filed her bankruptcy petition. However, the court lifted the stay for cause. The court then granted a stay pending appeal.
 
 
 3
 Huffman appealed the decision to the district court, which affirmed the bankruptcy court's order. Huffman appeals to this Court alleging that because she had title and a protectable interest in the house, the court erred in lifting the stay. Furthermore, Huffman alleges that the bankruptcy court should have set aside the sale as a fraudulent transfer under 11 U.S.C. § 548(2)(a)[3] because the price obtained at the foreclosure sale was not a fair equivalent for the property.[4] We disagree.
 
 II.
 
 4
 Huffman argues that since she has legal title and a protectable interest in the home, the court erred in lifting the stay.[5] A decision to lift a stay is within the discretion of the bankruptcy judge and may only be overturned on appeal for abuse of discretion. Robbins v. Robbins (In re Robbins ), 964 F.2d 342, 345 (4th Cir. 1992). We find that the bankruptcy judge did not abuse his discretion.
 
 
 5
 The filing of a bankruptcy petition operates as a stay for foreclosure proceedings. 11 U.S.C. § 362(a). However, a court may grant relief from the stay for cause. 11 U.S.C. § 362(d). Since the Code does not define "cause," courts must consider whether cause exists on a case-by-case basis. Robbins, 964 F.2d at 345 (citing 2 Collier on Bankruptcy § 362.07, at 362-68 to 69 (15th ed. 1992)).
 
 
 6
 In determining if cause exists, the bankruptcy court should balance any potential prejudice to the debtor's estate with the hardships on the person seeking relief. Robbins, 964 F.2d at 345. This Court examines three factors to determine whether cause exists: (1) Does the issue in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) Would lifting the stay promote judicial economy; and (3) Would creditors be properly protected without the stay. Id. These factors weigh in favor of lifting the stay. First, the sale of foreclosed property is a matter of state law, see In re BFP, 974 F.2d 1144 (9th Cir. 1992), and the expertise of the bankruptcy court is unnecessary to its resolution. Moreover, judicial economy would be served by allowing the state ratification proceedings to continue.
 
 
 7
 Finally, lifting the stay would not harm the estate or the interests of other creditors. Huffman, and now during bankruptcy, the estate, owns bare legal title. Under Maryland law, legal title only entitles the holder to question the adequacy of the sale price in the foreclosure ratification proceedings. Community Development Admin. v. De Souza (In re De Souza ), 135 B.R. 793, 795 (Bankr. D. Md. 1991). Any equity in redemption ceased to exist as an interest in land on the day of the foreclosure sale. See Union Trust Co. v. Biggs, 137 A. 509, 512 (Md. 1927). With or without the stay, creditors' interests remain the same.
 
 
 8
 Applying these factors, we find that the bankruptcy judge did not abuse its discretion in lifting the stay.
 
 III.
 
 9
 Huffman also alleges that the price obtained at the foreclosure sale was not a fair equivalent for the property and therefore should have been set aside as a fraudulent transfer under 11 U.S.C. § 548(a)(2)(A).
 
 
 10
 Litigation concerning fraudulent transfers is governed by Rule 7001 of the Bankruptcy Rules. To avoid transfers under § 548, one must initiate an adversary proceeding. See 1983 Advisory Committee Note to Bankruptcy Rule 7001. "[R]equests for relief from an automatic stay do not commence an adversary proceeding." Id. Since stay litigation is a separate action from avoidance litigation, this issue is better decided in the pending adversary proceeding[6] or in state court proceedings.
 
 
 11
 Because there was cause to justify relief from the stay and because the proper vehicle for avoidance litigation is the pending adversary proceeding, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 A mortgage foreclosure sale is subject to the approval of the state court. Commonwealth Mortgage Co. of Am. v. Konowitz (In re Konowitz ), 905 F.2d 55, 59 (4th Cir. 1990) (interpreting Maryland law)
 
 
 [2]
 The Bank foreclosed on October 14, 1991, a federal holiday. Huffman deposited the petition in a drop box at the bankruptcy court on October 15, 1991. Pursuant to local rules, the petition was stamped and docketed as having been filed on the previous business day which was October 11, 1991. The parties do not dispute this sequence
 
 
 [3]
 The Code's fraudulent transfer provision is 11 U.S.C.A. § 548(a)(2)(A) (West Supp. 1992). For discussion purposes, we assume that Huffman's cite was an error
 
 
 [4]
 The house sold for $36,500, subject to an outstanding first mortgage of approximately $12,000. Huffman argues that the fair market value of the house is $80,000
 
 
 [5]
 Huffman incorrectly relies on In re Konowitz as support for this assertion. In Konowitz, a bank foreclosed on a house without knowing that the mortgagor had filed a bankruptcy petition. Konowitz, 905 F.2d at 57. The trustee voided the sale under 11 U.S.C. § 549(c), which allows a trustee to avoid post-petition transfers. Although this Court held that, under Maryland law, a mortgagor maintains a legal interest in the property until a state court ratifies the foreclosure sale, the Konowitz issue was whether a subsequent purchaser could escape § 549 avoidance powers. Konowitz, 905 F.2d at 5758. This Court held that until the state court ratifies the foreclosure proceedings, the sale is not perfected and is, therefore, not an exception to the avoidance powers under 11 U.S.C. § 549(c). Id . at 59
 Huffman's legal title is undisputed. The bankruptcy court ruled that Huffman's legal title was property of the estate under 11 U.S.C. § 541(a)(1), and was, therefore, subject to the stay. The issue is whether there was cause to justify lifting the stay, an issue not addressed in Konowitz.
 
 
 [6]
 Huffman has filed a fraudulent transfer "set-aside" complaint pursuant to § 548(a)(2)(A)