**In re Charlotte PRICE, Debtor.**

**LaSalle National Bank c/o Wilshire Credit Corporation, Movant,**

v.

**Charlotte Price, Margaret Jenkins, Respondents.**

**No. 02–24804PM.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

March 6, 2003.

Richard J. Link, for debtor Charlotte Price.

Gene Jung, for Movant, LaSalle National Bank, c/o Wilshire Credit Corporation.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This case comes before the court on a Motion for Relief from Stay filed by La-Salle National Bank as Trustee for the registered holders of Salomon Brothers Mortgage Securities VII, Inc., Series 1997–HUD2. The issue involved is whether a foreclosure sale in Maryland is complete for the purposes of § 1322(c)(1) of the Bankruptcy Code at the time the sale is conducted and the auctioneer's gavel falls, or, in the alternative, whether the sale is completed only after the final order of ratification of the sale. This bankruptcy case under Chapter 13 was filed December 27, 2002, some ten (10) days after Jo–Lo, Inc., a third party, purchased the Debtor's residence at foreclosure.

■ The court will grant the relief sought for the reasons previously stated by this court in such cases as *In re Denny*, 242 B.R. 593 (Bankr.Md.1999); *In re De Souza*, 135 B.R. 793 (Bankr.Md.1992); *In re Edwards*, 62 B.R. 609 (Bankr.Md.1986); *In re Ali*, 2001 WL 1739144 (Bankr.Md. 2001).

■ As Judge Keir points in the *Denny* case, the debtor's right to cure a mortgage default in Maryland ends on the date of the actual sale. After the foreclosure sale, the purchaser at foreclosure has the equitable interest in the land commensurate with that conveyed by the deed of trust and is entitled to legal title upon the final ratification of the sale by the Circuit Court and upon the payment of the purchase price. The trustees under the deed of trust hold the legal title in trust for Jo–Lo, Inc., for the completion of the sale. Completion is marked by ratification by the Circuit Court, the satisfaction of the purchase price, and the delivery of the deed. The purchaser's equitable interest is subject to the Trustee's right to enforce the payment of any of the purchase-money by a resale at the risk and expense of Jo–Lo, Inc.

"In short, after the sale, equity regarded the property in the land as in the buyer, and the property or the price as in the assignee and mortgagor. It is true that the sale is incomplete until ratified by the court, and that the purchaser's title is an inchoate and equitable one from

the day of sale until the final ratification, which, however, retroacts so that the purchaser is regarded by relation as the equitable owner from the time of the sale, and entitled to all the intermediate rents and profits of the estate. Although he thus becomes the substantial owner from the time of the sale and the property is at his gain if it appreciate and at his risk in case of loss by fire or through depreciation, yet, notwithstanding the purchase money be paid, the legal title of the purchaser does not vest until the deed to him is delivered, but upon its delivery, this deed is not effective merely from the date of its execution, but vests the property in the purchaser from the day of sale. It follows that, after the day of sale, the mortgagor's equity of redemption generally ceases to exist as an interest in land."

*Union Trust Co. v. Biggs,* 153 Md. 50, 55–56, 137 A. 509, 512 (1927).

■ As Justice Stevens explained for a unanimous Court, questions as to real property should be resolved by reference to state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Thus, Maryland law is controlling. Indeed, as the Court of Special Appeals recently pointed out in the case of *GE Capital Mortgage Services, Inc. v. Edwards,* 144 Md.App. 449, 798 A.2d 1187 (2002), a motion for possession following a foreclosure but before ratification of the sale is not always premature. *See also, Huffman v. Maryland National Bank,* 989 F.2d 493, 1993 WL 83359 (CA4 1993) (unpublished); *IA Construction Corporation v. Carney,* 341 Md. 703, 710–11, 672 A.2d 650, 654–55 (1996) (The day of the sale marks the close of the period in which any creditor could acquire a lien upon the mortgagor's interest in the mortgage, land or equity redemption by simply obtaining a judgment against the mortgagor.).

Debtor cites two cases in support of her argument challenging the *Denny* reasoning. The first, *In re Clark,* 738 F.2d 869 (C.A.7 1984), applied Wisconsin law. However, a Wisconsin foreclosure does little more than determine that the mortgagor is in default, the amount of principal and interest unpaid and the amounts due to the plaintiff-mortgagee. The court did not reach the question whether the same result obtains in a state in which the effect of a judgment of foreclosure is different. *Id.* at 874. Another case cited by Debtor is *In re Barham,* 193 B.R. 229, 232 (Bankr. E.D.N.C.1996), that was decided under North Carolina law. That state has an upset bid procedure whereby any person may purchase real property after a foreclosure sale by bidding a minimum of 10% more than the sale price or the last upset bid, provided that the bid is made prior to the close of business on the 10th day after the sale or the last upset bid. As the court explained in *Barham,*

Indeed, North Carolina cases interpreting the foreclosure statutes have stated that the final and highest bidder at a foreclosure sale is merely a "proposed purchaser" who has no rights, or entirely voidable rights, to the property until the upset bid period terminates. *Cherry v. Gilliam,* 195 N.C. 233, 141 S.E. 594 (1928). Another case held that a foreclosure sale "cannot be consummated" until the expiration of the upset bid period. *Shelby Bldg. & Loan Ass'n v. Black,* 215 N.C. 400, 2 S.E.2d 6 (1939).

*Id.* at 232, 141 S.E. 594.

An appropriate order will entered.