STATE OF NORTH CAROLINA v. LARRY DONNELL SIMMONS

No. 8310SC372

(Filed 3 January 1984)

**1. Criminal Law § 163— failure to object to instructions—waiver of objection**

Where the record established that at the end of its instructions, the court
asked if there was a request for further instructions, and defense counsel
responded in the negative, App. R. 10(b)(2) precluded assigning as error de-
fendant's contention that the trial court erred in failing to summarize any of
defendant's evidence or contentions in its instructions while fully summarizing
the State's evidence and contentions.

**2. Criminal Law § 138— aggravating factor of pecuniary gain improperly con-
sidered—aggravating factor of "great monetary value" properly available**

In a prosecution for felonious larceny, where there was evidence that the
victim had just returned from a trip and had $2,500.00 in her billfold when it
was taken, although the trial court improperly considered as an aggravating
factor that the offense was committed for pecuniary gain, the trial court could
properly find as an aggravating factor on remand that the offense involved a
taking of property of great monetary value. G.S. 15A-1340.4(a)(1).

**3. Criminal Law § 138— consideration of prior convictions**

Defendant did not sustain his initial burden of raising the issue that the
trial court erred in finding his prior convictions as an aggravating factor ab-
sent evidence and findings as to whether he was indigent and represented by
counsel or waived counsel, and he is precluded from raising this issue on ap-
peal.

**4. Criminal Law § 138— failure to consider mitigating factor that defendant
voluntarily acknowledged wrongdoing proper**

Where the evidence tended to show that at no time did defendant
acknowledge his wrongdoing, the trial court properly failed to consider the
mitigating factor: "Prior to arrest or at an early stage of the criminal process,
the defendant voluntarily acknowledged wrongdoing in connection with the of-
fense to a law enforcement officer." G.S. 15A-1340.4(a)(2)1.

ON certiorari to review judgment entered by *Godwin, Judge.* Judgment entered 3 March 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 28 November 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of felonious larceny.

*Attorney General Edmisten, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

WHICHARD, Judge.

### GUILT PHASE

**[1]** Defendant contends the court erred in failing to summarize any of his evidence or contentions in its instructions while fully summarizing the State's evidence and contentions. He did not present evidence, but relies on evidence allegedly favorable to him elicited on cross-examination.

Defendant concedes that he did not object at trial, and that N.C. R. App. P. 10(b)(2) thus precludes assigning this failure as error on appeal. He argues, however, that failure to allow him the opportunity to object out of the hearing of the jury obviates the Rule 10(b)(2) requirement.

The record establishes that at the end of its instructions the court asked if there was a request for additional instructions. Defense counsel responded in the negative. This contention is thus without merit. *See State v. Bennett,* 308 N.C. 530, 535, 302 S.E. 2d 786, 789-90 (1983).

Defendant also argues that this Court should find "plain error" in the instructions. *See State v. Odom,* 307 N.C. 655, 659-61, 300 S.E. 2d 375, 378-79 (1983). Having reviewed the instructions and the whole record, we find no "plain error" such as to require a new trial despite defendant's failure to comply with Rule 10(b)(2). *See State v. Bennett, supra,* 308 N.C. at 535-36, 302 S.E. 2d at 790.

### SENTENCING PHASE

[2]   Defendant contends the court erred in finding as an aggravating factor that the offense was committed for hire or pecuniary gain. Evidence that defendant was hired or paid to commit the offense is necessary to support a finding of this factor. *State v. Thompson,* 309 N.C. 421, 422, 307 S.E. 2d 156, 158 (1983); *State v. Abdullah,* 309 N.C. 63, 77, 306 S.E. 2d 100, 108 (1983). The record contains no such evidence, and this factor thus was improperly considered.

Defendant contends the court used, to prove the aggravating factors that the offense was committed for pecuniary gain and involved the taking of property of great monetary value, the same evidence used to prove an element of the offense. *See* G.S. 15A-1340.4(a)(1). Our holding above eliminates the "pecuniary gain" factor from consideration upon re-sentencing. The court is not precluded from finding the "taking of property of great monetary value" factor simply because defendant has been charged with larceny. Our Supreme Court has stated: "The *additional* evidence necessary to prove a taking or attempted taking of property of *great* monetary value is not evidence necessary to prove an element of felonious larceny." *State v. Thompson, supra,* 309 N.C. at 422, 307 S.E. 2d at 158.

The evidence here was that the victim had just returned from a trip and had $2,500 in her billfold when it was taken. In light of this evidence and of *Thompson, supra,* we hold that the court could properly find as an aggravating factor that the offense involved the taking of property of great monetary value.

Defendant contends the court used the same evidence to prove the "pecuniary gain" and "great monetary value" factors in violation of the prohibition against using the same evidence to prove more than one factor in aggravation. G.S. 15A-1340.4(a)(1). Again, our holding that the "pecuniary gain" factor was improperly considered eliminates it from consideration upon re-sentencing. The violation complained of thus will not recur.

[3]   Defendant contends the court erred in finding his prior convictions as an aggravating factor absent evidence and findings as to whether he was indigent and represented by counsel or waived counsel. He did not sustain his initial burden of raising this issue

in the trial court, however, and thus is precluded from raising it on appeal. *State v. Thompson, supra,* 309 N.C. at 425-28, 307 S.E. 2d at 158-61.

**[4]** Defendant contends the court erred in failing to consider as a mitigating factor that when he learned there was a warrant for his arrest, he went to the police and turned himself in. He argues that his conduct was covered by the following statutory mitigating factor: "Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." G.S. 15A-1340.4(a)(2)1.

At no time did defendant acknowledge his wrongdoing. Rather, he steadfastly, from the arrest stage through the sentencing stage, asserted his innocence. The statutory mitigating factor on which defendant relies is thus inapposite.

Defendant's reliance on *State v. Wood,* 61 N.C. App. 446, 300 S.E. 2d 903, *disc. rev. denied,* 308 N.C. 547, 302 S.E. 2d 884 (1983), is also misplaced. Defendant there acknowledged that he perpetrated a shooting, but pleaded self-defense. Here, by contrast, defendant consistently denied his involvement.

Because the sentence imposed exceeds the presumptive, and the court erred in finding "pecuniary gain" as an aggravating factor, the case must be remanded for a new sentencing hearing. *State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

No error in the trial; remanded for re-sentencing.

Judges HILL and BECTON concur.