STATE OF NORTH CAROLINA v. WILLIAM E. THOMPSON

No. 663A84

(Filed 5 November 1985)

1. **Criminal Law § 26.5— judgments for burglary and breaking or entering—failure to raise double jeopardy issue at trial**

    The trial court did not err in entering judgments against defendant for both first degree burglary and breaking or entering where defendant failed to raise the double jeopardy issue at trial and the multiple count indictment against him was valid on its face.

2. **Criminal Law § 138.24— aggravating circumstances—age and infirmity of victim—evidence from codefendant's trial**

    The trial court erred in finding the age of the victim and her infirmity as aggravating circumstances on the basis of statements made by prosecutor at a codefendant's sentencing hearing earlier the same day and evidence in the prosecutor's file on the codefendant's case absent a stipulation that such evidence could be considered since reliance on evidence from the trials of others connected with the same offense is improper absent a stipulation.

3. **Criminal Law § 138.26— guilty plea—aggravating circumstance based on allegations in indictment**

    Where a defendant pleads guilty to an indictment which contains factual allegations which could be the basis for the finding of an aggravating circumstance and fails to challenge or present any evidence to rebut these factual allegations, they are deemed admitted and may be utilized by the trial court to

establish the existence of the aggravating factor. Therefore, the trial court could properly find as an aggravating factor that the offense involved the taking of property of great monetary value based on an allegation in the indictment that the property had a value of $3,177.40 where defendant entered a plea of guilty and did not challenge the factual allegations in the indictment.

**4. Criminal Law § 138.40— mitigating circumstance—voluntary acknowledgement of wrongdoing—finding not required**

Defendant failed to establish that he was absolutely entitled to a finding of the statutory mitigating circumstance that he voluntarily acknowledged to law enforcement officials wrongdoing in connection with the offenses prior to arrest or at an early stage of the criminal process. Furthermore, defendant failed to show that the trial court abused its discretion in failing to find this mitigating circumstance where defendant failed to present any evidence regarding the timing of his confession in relation to the "criminal process."

Justice BILLINGS did not participate in the consideration or decision of this case.

BEFORE *Bailey, J.,* at the 26 June 1984 Criminal Session of Superior Court, CUMBERLAND County, defendant pled guilty to first-degree burglary, felony larceny, and breaking or entering.

The defendant was charged with several crimes arising out of events occurring at the home of Mrs. Mary McQueen on the evening of 28 December 1983. In addition to the burglary, larceny, and breaking or entering charges, the defendant was also charged with first-degree rape and first-degree sexual offense. The rape and sex offense charges were dismissed pursuant to a plea arrangement on the other charges and because the prosecution was convinced that a codefendant was the actual perpetrator of those offenses.

At the hearing, the trial judge informed the defendant of the charges to which he was pleading guilty and the maximum term to which he could be sentenced, informed him of his right to plead not guilty, and questioned him as to whether his plea was voluntary. The parties stipulated that the victim's testimony would be the same as the contents of a statement made by her which was introduced at the codefendant's sentencing hearing earlier that morning before the same judge. The prosecutor also read into evidence a statement made by the defendant to law enforcement officers in which he admitted his involvement in the crimes. According to the statement, the defendant and Bennie Johnson went to Mrs. McQueen's house with the intention of breaking in. They

initially broke out a window on the back door and attempted to unlock the door to gain entry. However, this was unsuccessful and, of necessity, they entered through a side window. Once inside, Johnson tied Mrs. McQueen to her bed, and he and the defendant proceeded to ransack the house. The defendant stated that they took money, silverware, jewelry, a television set, and other items of personal property from the house.

After this and other evidence had been presented, the trial court made findings of aggravation and mitigation. In aggravation of the defendant's sentences, the trial court found that the victim was very old, that the victim was physically infirm, and that the offense involved the taking of property of great monetary value. In mitigation of his sentences, the trial court found that the defendant had no record of criminal convictions. These aggravating and mitigating factors were found to exist as to each of the crimes to which defendant entered a plea of guilty. The court went on to find that the aggravating factors outweighed the mitigating circumstances and sentenced the defendant to a term of life imprisonment for the first-degree burglary, a ten-year term for the larceny, and a ten-year term for the breaking or entering. The sentence for the breaking or entering was ordered to run consecutively to the sentence imposed for the larceny. However, the two ten-year terms were ordered to run concurrently with the life sentence. Defendant appeals as of right from the imposition of the life sentence. G.S. § 7A-27(a). Defendant's motion to bypass the Court of Appeals on the other convictions and sentences was allowed 31 January 1985. Heard in the Supreme Court 11 June 1985.

*Lacy H. Thornburg, Attorney General, by Eugene A. Smith, Senior Deputy Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Robin E. Hudson, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

The defendant brings forward assignments of error in which he contends: (1) his right to be free from double jeopardy was violated by the trial court's entry of judgments against him for both burglary and felony breaking or entering; (2) the trial court found factors in aggravation of his sentence which were not sup-

ported by the evidence; and (3) the trial court erred in failing to find as a statutory mitigating circumstance that he voluntarily acknowledged wrongdoing at an early stage of the criminal process.

The defendant initially attempts to argue an issue not raised at trial—that the trial court violated his constitutional right to be free from double jeopardy when it entered judgment against him for both first-degree burglary and the lesser-included offense of breaking or entering, since both offenses arose out of the same transaction. The record clearly indicates that the defendant failed to bring this argument to the attention of the trial court.

[1] We have held that the failure of a defendant to properly raise the issue of double jeopardy before the trial court precludes reliance on the defense on appeal. *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977); *State v. Baldwin*, 226 N.C. 295, 37 S.E. 2d 898 (1946); *see also State v. Hopkins*, 279 N.C. 473, 183 S.E. 2d 657 (1971). Here, the defendant did not plead double jeopardy nor did he make any argument regarding this issue to the trial judge. Also, the record fails to show any objection or motion by the defendant asserting the defense. In light of the defendant's failure to raise this issue at trial and the fact that the multiple count indictment was valid on its face, we hold that the trial court did not err in entering judgments against him for both first-degree burglary and breaking or entering. This assignment of error is overruled.

[2] The defendant next argues that the trial court committed error in the finding of certain factors in aggravation of his sentences. The defendant was sentenced to the maximum term for each offense. The trial court found the same three aggravating factors for each crime: (1) the victim was very old (G.S. § 15A-1340.4(a)(1)(j)); (2) the victim was infirm (G.S. § 15A-1340.4 (a)(1)(j)); and (3) the offense involved the taking of property of great monetary value (G.S. § 15A-1340.4(a)(1)(m)). The defendant initially contends that the aggravating factors of the age of the victim and her infirmity are not reasonably related to the purposes of sentencing for these crimes because there is no showing that he took advantage of McQueen's age or health to gain entry to the house or to appropriate any property. We conclude, however, that this issue is not before us due to the fact that the State

failed to present any evidence whatsoever in support of these aggravating circumstances.

The defendant pled guilty and was sentenced on the afternoon of 26 June 1984. On the morning of 26 June 1984, the codefendant, Jackson, pled guilty and was sentenced for his involvement in the events occurring at McQueen's house on the night in question.[1] The same trial judge presided over both hearings. The record clearly shows that at Jackson's sentencing hearing, evidence was presented showing that the victim, Mrs. McQueen, was 79 years old and was suffering from angina and arthritis. However, the prosecution failed to introduce this evidence at this defendant's sentencing hearing. The only evidence presented by the State was the defendant's inculpatory statement and a statement by the victim which was introduced at Jackson's sentencing hearing, the contents of which were stipulated to by defense counsel in the case now before us. In her statement, the victim made no mention whatsoever of her age. The only reference she made to her health was the statement that she had contacted her physician a few days before the incident and had been instructed to take "Benitril" for a cold. The only thing in the defendant's statement which could be remotely said to refer to the age of the victim were his several references to the victim as "the old lady." The only reference in the defendant's confession concerning the victim's health was his statement that when Jackson jumped on McQueen, she stated, "Stop I might have a heart attack."

It is well established that the State bears the burden of proof to establish the existence of aggravating factors if it seeks a term of imprisonment greater than the presumptive sentence. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The existence of such factors must be proved by a preponderance of the evidence. G.S. § 15A-1340.4(a). We find that the evidence presented by the State at the defendant's sentencing hearing utterly failed to meet this standard with regard to the aggravating circumstances of age and infirmity.

The State included as part of the record on appeal an affidavit by the trial judge that in finding these two aggravating

---

1. Pursuant to a plea arrangement, Jackson pled guilty to first-degree burglary, second-degree rape, and felony larceny.

factors, he relied on statements made by the prosecutor at the morning sentencing hearing of the other defendant, Jackson, as well as other evidence in the prosecutor's file on the Jackson case. The State appears to argue that the trial judge should have been entitled to rely on evidence adduced at Jackson's sentencing hearing to find the existence of the aggravating factors here. This contention overlooks our statement in *State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983), in which we said that for purposes of sentencing, reliance on evidence from the trials of others connected with the same offense is improper absent a stipulation. Here, there was no stipulation as to the prosecutor's statements or the contents of the files. We hold that the State presented insufficient evidence to support a finding of these two aggravating circumstances and that the defendant is therefore entitled to a new sentencing hearing on all offenses under *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

[3] The defendant also argues that the State failed to present any evidence of the value of the property which was stolen and therefore the trial court erred in finding as an aggravating factor that the offense involved the taking of property of great monetary value. It is correct that the State failed to produce any testimony as to the value of the items stolen and that there was also no stipulation by the defendant as to the value of the stolen property.

The multiple-count indictment charging the defendant with these crimes lists the items that were appropriated and sets their total value at $3,177.40. In his affidavit, the trial judge stated that he took judicial notice of the value set out in the indictment in finding as an aggravating factor that the offense involved the taking of property of great monetary value. The defendant argues that, though he pled guilty to the indictment as it related to the felony larceny charge, a trial judge may not base a finding of the existence of an aggravating factor on the allegations of an indictment. We disagree.

As the defendant points out, an indictment is merely a written accusation against a defendant and is not to be considered as any evidence of guilt. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971). However, here, the defendant pled guilty to the felony larceny offense set out in the indictment. A valid guilty plea acts

as a conviction of the offense charged. *United States v. Davis*, 452 F. 2d 577 (9th Cir. 1971); *McCarther v. State*, 211 Kan. 152, 505 P. 2d 773 (1973). It also serves as an admission of all the facts alleged in the indictment or other criminal process. *United States v. Davis*, 452 F. 2d 577 (9th Cir. 1971); *Semet v. United States*, 422 F. 2d 1269 (10th Cir. 1970); *In the Matter of Colson*, 412 A. 2d 1160 (D.C. App. 1979); *McCarther v. State*, 211 Kan. 152, 505 P. 2d 773 (1973); *Robinson v. State*, 491 S.W. 2d 314 (Mo. 1973); *State v. Bargen*, 219 Neb. 416, 363 N.W. 2d 393 (1985); *State v. Cook*, 344 N.W. 2d 487 (N.D. 1984); *Commonwealth v. Petrillo*, 255 Pa. Super. 225, 386 A. 2d 590 (1978); *State v. Boles*, 151 W. Va. 194, 151 S.E. 2d 115 (1966).

The case of *People v. Welge*, 101 Cal. App. 3d 616, 161 Cal. Rptr. 686 (1980), involved a California statutory provision which provided that a defendant convicted of a nonviolent felony could receive a one-year enhancement in his sentence for each prior separate prison term served for any felony. The defendant pled guilty to a complaint which alleged that he served separate prison terms for two prior felony convictions. The California Supreme Court held that by pleading guilty, the defendant had admitted the allegations set out in the complaint and therefore enhancement of his sentence was proper. We hold that where a defendant pleads guilty to an indictment which contains factual allegations which could be the basis for the finding of an aggravating circumstance and fails to challenge or present any evidence to rebut these factual allegations, they are deemed admitted and may be utilized by the trial court to establish the existence of the aggravating factor.

We wish to emphasize, however, that even where a defendant pleads guilty, he may challenge and present evidence at the sentencing hearing to rebut any factual allegations in the indictment or other criminal process which could be used to establish the existence of an aggravating circumstance. Here, the defendant did not present such rebuttal evidence, and, in fact, did not challenge the factual allegations in question; therefore, the learned trial judge did not err in relying on the allegation in the indictment as to the value of the property in finding this aggravating factor. If, at the new sentencing hearing, the State attempts to rely on the contents of the indictment to establish this ag-

gravating factor, the defendant may challenge them and present rebuttal evidence on this issue.

[4] Finally, the defendant argues that the trial court erred in failing to find as a mitigating factor that prior to arrest or at an early stage of the criminal process, he voluntarily acknowledged to law enforcement officials wrongdoing in connection with the offenses. We disagree.

Under the Fair Sentencing Act, the trial court must consider every statutory mitigating factor where, as is the case here, sentences in excess of the presumptive term are imposed. G.S. § 15A-1340.4(a). G.S. § 15A-1340.4(a)(2)(l) lists as a mitigating factor that "[p]rior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." In *State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983), we said that, with regard to this mitigating factor, "criminal process" begins upon either the issuance of a warrant or information, upon the return of a true bill of indictment or presentment, or upon arrest. We went on to hold that a defendant was *entitled* to a finding of this statutory mitigating factor if his confession was made prior to the issuance of a warrant or information, prior to the return of a true bill of indictment or presentment, or prior to arrest, *whichever comes first.*

The record fails to show that the defendant specifically requested the trial court to find this mitigating factor. However, since it is a statutory mitigating factor, the trial court was required to find it if proved by a preponderance of the evidence, even in the absence of a specific request. *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984). The defendant bears the burden of proof to establish the existence of mitigating factors. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). According to the record, the defendant's inculpatory statement was made at 6:40 p.m. on 28 December 1983. However, the record does not indicate whether the statement was made prior to the issuance of a warrant or prior to the defendant's arrest.[2] Therefore, the defendant

2. A warrant for the defendant's arrest was issued on 28 December 1983. However, the record does not show the exact time the warrant was issued. A true bill of indictment charging the defendant with these offenses was returned 3 January 1984.

has failed to establish that he was absolutely *entitled* to a finding of this mitigating circumstance. Instead, it was for the trial judge to determine, in his discretion, whether the statement was made at a sufficiently early stage of the criminal process as to qualify as a mitigating circumstance. *State v. Hayes*, 314 N.C. 460, 334 S.E. 2d 741 (1985). A matter committed to the discretion of a trial court is not subject to review except upon a showing of an abuse of discretion. *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967). A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision. *State v. Wilson*, 313 N.C. 516, 330 S.E. 2d 450 (1985).

In light of the fact that the defendant failed to present any evidence regarding the timing of his confession in relation to the "criminal process" as defined in *Graham*, we hold that the defendant has clearly failed to show an abuse of discretion. Therefore, the trial court did not err in failing to find this mitigating circumstance. At the new sentencing hearing, the defendant may, of course, present any available evidence relevant to the timing of his statement which might support a finding of this mitigating circumstance.

The judgment entered by the trial court is vacated, and the case is remanded to the Superior Court, Cumberland County, for resentencing on all three offenses, consistent with this opinion.

Remanded for a new sentencing hearing.

Justice BILLINGS did not participate in the consideration or decision of this case.