ELMORE, Judge.
Defendant Ward Lee Staton was charged with robbery with a dangerous weapon. The State's evidence tended to show that at approximately 3:00 p.m. on 18 December 2001, Ulonda Holmes was working by herself at the Peters Creek Parkway branch of Advance America, a payday advance company. Holmes was at her desk talking on the phone when defendant entered the store. Defendant stood at the front counter while Holmes ended her telephone conversation. Defendant then asked Holmes how he could obtain a loan. As Holmes told defendant about the loan procedure, defendant walked behind the counter towards Holmes' desk. Holmes got up from her desk andsaw defendant holding a gun. Defendant told Holmes that "this is a robbery" and that he wanted money. Holmes opened her drawer and gave defendant the cash. Defendant declined to take the change from the drawer.
Defendant pointed his gun at Holmes and told her he wanted the money from the safe. Defendant followed Holmes to the safe. Holmes opened the safe and gave defendant the stack of bills. Defendant told Holmes to count to fifty. After hearing the door bell chime, indicating that defendant had exited the store, Holmes called a co-worker and the police. Defendant took approximately $2,300.00 from the store. Holmes gave a description of defendant to Detective Michael Poe of the Winston-Salem Police Department. Detective Poe compiled photographic lineups to show to Holmes. On 8 August 2002, in a third photo line-up Holmes identified defendant as the person who robbed her in a third photo line-up.
At trial, the State sought to introduce evidence surrounding a second robbery at the Advance America on Peters Creek Parkway through the testimony of Robin McNeal (McNeal). Defendant objected to the admission of the evidence of the other robbery on the grounds that it was not offered for a proper purpose under Rule 404(b) of the North Carolina Rules of Evidence. After conducting a voir dire hearing, the trial court overruled defendant's objection and admitted the testimony for purposes of showing identity. McNeal testified that at approximately 3:00 p.m. on 3 July 2002, she heard someone enter the store. McNeal walked to the front of the store and saw defendant standing at the counter. McNeal was the only employee at the store. Defendant told McNeal he wanted an advance. As McNeal informed defendant about obtaining an advance, defendant pointed a gun at McNeal's face and said, "this is a robbery." McNeal took the money out of the cash drawer and gave it to defendant. Defendant took the cash, but refused the change. Defendant then told McNeal he wanted money out of the safe. After McNeal opened the safe and gave defendant the stack of bills, defendant told McNeal to count to 100. Once McNeal heard the door bell chime, she called another Advance America branch and the police. McNeal identified defendant as the person who robbed her.
A jury found defendant guilty as charged and the trial court sentenced defendant to a term of 133 to 169 months imprisonment. Defendant appeals.
Defendant contends the trial court erred in allowing McNeal to testify about the July 2002 robbery of the Peters Creek Parkway Advance America. Defendant argues the subsequent robbery was not relevant to the perpetrator's identity and was prejudicial. "Evidence of other crimes, wrongs, or acts is . . . admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C.R. Evid. 404(b) (2004).
Rule 404(b) [of the North Carolina Rules of Evidence is] . . . a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the natureof the crime charged.
State v. Coffey, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990). Although certain evidence may tend to show other crimes, wrongs, or acts by a defendant and his propensity to commit them, the evidence is admissible under Rule 404(b) so long as it is relevant for a purpose other than his propensity for the type of conduct at issue. See State v. Stager, 329 N.C. 278, 303, 406 S.E.2d 876, 890 (1991). Further constraints upon the admissibility of such evidence under Rule 404(b) are similarity and temporal proximity. See State v. Lynch, 334 N.C. 402, 412, 432 S.E.2d 349, 354 (1993). The similarities between the incidents "must tend to support a reasonable inference that the same person committed both the earlier and later acts." State v. Moseley, 338 N.C. 1, 43, 449 S.E.2d 412, 437-38 (1994), cert. denied, 514 U.S. 1091, 131 L. Ed. 2d. 738 (1995). Evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C.R. Evid. 403 (2004). The admission or exclusion of evidence under Rule 403 is within the trial court's sound discretion, and "only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision" may the ruling be reversed for an abuse of discretion. State v. Thompson, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985).
In this case, identity was at issue as Holmes was unable to identify the perpetrator of the crime in two photographic line-ups. Thus, the similarities between the events at the December 2001 robbery and the July 2002 robbery are relevant to establish theidentity of the perpetrator of the December 2001 robbery. Contrary to defendant's assertion, the similarities among the two crimes are not so generic in nature to make the July 2002 robbery inadmissable. In both instances, the crimes occurred at the same Advance America, both around 3:00 p.m. and while only one female employee was working; the perpetrator posed as a customer needing a loan; the perpetrator carried a gun; both victims stated that the perpetrator said, "this is a robbery;" the perpetrator refused the change, but wanted the cash out of the safe; and the perpetrator told the victims to count as he left the store. The similarities present in these robberies support an inference that the same person committed the two robberies. Furthermore, the crimes occurred within six months of each other and were not too remote in time to the acts charged. We, therefore conclude, the trial court properly concluded McNeal's testimony was admissible under Rule 404(b). We further hold that the trial court did not abuse its discretion in determining that the probative value of McNeal's testimony was not outweighed by unfair prejudice under Rule 403. Accordingly, the trial court properly admitted McNeal's testimony.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).