STATE OF NORTH CAROLINA v. ARNOLD MICHAEL PENDER

No. COA04-1198

(Filed 21 March 2006)

**1. Appeal and Error— preservation of issues—objection not required during sentencing**

Defendant did not waive appellate review in a double armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury case as to the issue of whether the trial court erroneously considered evidence from his codefendant's trial, because: (1) an error at sentencing is not considered an error at trial for the purpose of N.C. R. App. P. 10(b)(1) since this rule is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal; and (2) defendant was not

required by Rule 10(b)(1) to object during sentencing in order to properly preserve this issue for appellate review.

**2. Sentencing— aggravating factors—*Blakely* error**

The trial court did not err in a double armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury case by increasing defendant's sentences beyond the prescribed statutory maximum based upon its own finding of aggravating factors that were not alleged in the indictments or found by the jury beyond a reasonable doubt, because: (1) in North Carolina there is no requirement that aggravating factors be alleged in an indictment; (2) the situations contemplated by *State v. Allen*, 359 N.C. 425 (2005), are not present in the instant case since defendant was indicted as of the certification date of the *Allen* opinion, his appeal is not now pending direct review, and his case was final; and (3) defendant did not appeal the trial court's acceptance of his *Alford* plea agreement, the finding of aggravating and mitigating factors by the trial court, nor his sentence of twenty-five years for each armed robbery case and five years for assault.

**3. Sentencing— aggravating factors—taking property of great monetary value**

The trial court erred in a double armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury case by finding the aggravating factor that the offense involved the actual taking of property of great monetary value, and defendant is entitled to a new sentencing hearing, because: (1) both defendant and the State agreed that according to earlier decisions of the Court of Appeals, $2,500 is the least amount previously held to be of great monetary value, while other decisions of our Supreme Court and the Court of Appeals consistently have held that great monetary value included amounts of approximately $3,000; and (2) although there is no bar or case law that prevents the Court of Appeals from holding that a great monetary amount may include an amount less than $2,500, the amounts of $1,300 and $700 in this case do not constitute great or extraordinary amounts.

**4. Sentencing— nonstatutory aggravating factor—great monetary loss—medical expenses**

The trial court did not err in a double armed robbery and assault with a deadly weapon with intent to kill inflicting serious

injury case by finding the nonstatutory aggravating factor that the offense involved monetary loss of $29,837.29, because: (1) the victim's medical expenses were excessive and surpassed those normally incurred from an assault of this type; and (2) defense counsel stipulated to the amount of the victim's medical expenses when he did not object to the State's recitation of the $29,837.29 figure as the amount of the victim's medical bills nor did he take exception to the amount of medical expenses offered by the State in support of its argument.

Appeal by defendant from judgments entered 9 May 1995 by Judge Clifton W. Everett, Jr. in Washington County Superior Court. Heard in the Court of Appeals 17 May 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Brandon L. Truman, for the State.*

*Appellant Defender Staples Hughes, by Assistant Appellant Defender Daniel R. Pollitt, for defendant-appellant.*

JACKSON, Judge.

On 26 August 1994, Clarence Williams, Sr., Clarence Williams, Jr., and Marcus Simpson were playing cards in a game room owned by Clarence Williams, Sr. in Plymouth, North Carolina. Around 1:00 a.m., Arnold Michael Pender ("defendant") and Jason Troy Hackett ("co-defendant") entered the game room, showed their firearms, demanded money, and told the card players to get on the floor. As Clarence Williams, Sr. began to turn, defendant shot him in the buttocks. Defendant and co-defendant took money from the card table, the game room's cash register, and the card players' pockets. Defendant and co-defendant subsequently left the scene.

On 13 March 1995, a grand jury indicted defendant on two counts of armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury on Clarence Williams, Sr.

On 8 May 1995, three witnesses testified for the State in co-defendant's trial. Clarence Williams, Sr. testified that defendant and co-defendant took between approximately one thousand dollars ($1,000.00) and eleven hundred dollars ($1,100.00) in cash from his pocket and one hundred and fifty dollars ($150.00) to one hundred and sixty dollars ($160.00) from the cash register. He also testified that his medical bills from the shooting were close to between

twenty-seven thousand dollars ($27,000.00) and twenty-eight thousand dollars ($28,000.00). Clarence Williams Jr. testified that defendant and co-defendant took seven hundred dollars ($700.00) in cash from his pocket and person. During co-defendant's trial, co-defendant changed his plea from not guilty to guilty on the armed robbery charges and the State dismissed the assault charge. The trial court accepted his pleas and entered Judgment and Commitment against him. At his sentencing proceedings, the State stated that Clarence Williams, Sr. incurred medical expenses in the amount of twenty-nine thousand eight hundred and thirty-seven dollars and twenty-nine cents ($29,837.29) as a result of the shooting. Co-defendant's attorney did not object to or dispute the State's recitation of the amount of medical expenses.

On 9 May 1995, defendant's case came before the trial court. Pursuant to a plea agreement that left the matter of defendant's sentencing to the trial court's discretion, defendant entered *Alford* pleas on two counts of armed robbery and the lesser offense of assault with a deadly weapon inflicting serious injury. At the sentencing hearing, the trial court found in aggravation that the offenses involved the actual taking of property of great monetary value. The trial court also found in mitigation that defendant had no prior criminal record. During defendant's sentencing hearing, defendant's attorney stipulated that the State could summarize the evidence. Included in the State's recitation was the fact that Clarence Williams Sr.'s medical bills totaled twenty-nine thousand eight hundred thirty-seven dollars and twenty-nine cents ($29,837.29). Defendant objected on the grounds that the monetary loss of the medical expenses was an element of the charge of assault with a deadly weapon inflicting serious injury.

At the sentencing hearing, neither the State nor defendant called witnesses to testify. Rather, defendant's attorney stipulated that there was a factual basis for the entry of the plea, that the State's attorney could make a recitation if he wished to do so, and that the trial court could consider information from co-defendant's case. The State submitted that the trial court had "heard the evidence of the assault where [Clarence Williams, Sr.] was shot in the right buttocks with the weapon being fired, shot in and up around his hip. . . . [and that Clarence Williams, Sr.'s] medical bills [were in the amount of] $29,837.29." The trial court then stated that it did not "need to hear anything else about that." Subsequently, defendant's attorney summarized the evidence and contentions supporting possible mitigating

factors, including the absence of any prior criminal convictions in defendant's record.

The trial court sentenced defendant to twenty-five years imprisonment for each armed robbery case, which carried a prescribed statutory maximum presumptive sentence of fourteen years. The trial court then sentenced defendant to five years imprisonment for the assault with intent to inflict bodily injury case, which carried a prescribed statutory maximum presumptive sentence of three years. The trial court ordered all sentences to run consecutively for a total consecutive sentence of fifty-five years imprisonment. Defendant did not appeal.

On 26 November 2003, this Court allowed defendant's petition for the purpose of reviewing the trial court's 9 May 1995 judgments and provided that review was limited to those issues within defendant's appeal of right pursuant to North Carolina General Statutes, section 15A-1444(a1) and (a2). On 26 January 2005, this Court allowed the State's motion to amend the record on appeal to include the restitution worksheet, which had been referenced by the trial court at the bottom of each judgment in defendant's three cases.

[1] Prior to reaching the merits of the case before us, we first must address the State's contention that defendant waived appellate review as to the issue of whether the trial court erroneously considered evidence from his co-defendant's trial. Specifically, the State contends that defendant failed to properly preserve this issue for appeal pursuant to Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure which provides, in relevant part, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."

This Court recently stated that "[a]n error at sentencing is not considered an error at trial for the purpose of Rule 10(b)(1) because this rule is 'directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal.' " *State v. Curmon*, 171 N.C. App. 697, 703, 615 S.E.2d 417, 422 (2005) (quoting *State v. Hargett*, 157 N.C. App. 90, 93, 577 S.E.2d 703, 705 (2003) (citing *State v. Canady*, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991))). Accordingly, defendant was not required by Rule 10(b)(1) to object during sentencing in order to properly "preserve this issue for appellate review." *Id.*

[2] Defendant initially contends that the trial court erred by increasing his sentences beyond the prescribed statutory maximum based upon its own finding of aggravating factors that were not alleged in the indictments or found by the jury beyond a reasonable doubt in violation of *Blakely v. Washington*, 542 U.S. ——, 159 L. Ed. 2d 403 (2004). We disagree.

In North Carolina, there is no requirement that aggravating factors be alleged in an indictment. *State v. Everette*, 172 N.C. App. 237, 244, 616 S.E.2d 237, 242 (2005). This Court recently stated, "*Blakely* made no reference to the Fifth Amendment indictment guarantee, and instead relied on the Sixth Amendment right to a jury trial. . . . Therefore, we hold that it was not error for defendant's aggravating factors not to have been alleged in an indictment." *Everett*, 172 N.C. App. at 244, 616 S.E.2d at 242.

Further, in *State v. Allen*, our Supreme Court held that "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible per se." 359 N.C. 425, 444, 615 S.E.2d 256, 269 (2005). The Court concluded that "those portions of N.C.G.S. § 15A-1340.16 (a), (b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence" are unconstitutional. *Id.* at 438-39, 615 S.E.2d at 265. Our Supreme Court in *Allen* also clearly stated, however, that its holdings applied only to those cases " 'in which the defendants have not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final.' " *Id.* at 427, 615 S.E.2d at 258 (quoting *State v. Lucas*, 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001), *overruled on other grounds by Allen*, 359 N.C. 425, 615 S.E.2d 256).

The situations contemplated by *Allen* are not present before this Court in the instant case. Defendant was indicted as of the certification date of the *Allen* opinion, his appeal is not now pending direct review, and his case was final. Defendant was indicted on 13 March 1995 for: (1) endangering the life of Clarence Williams, Sr. by taking and carrying away another's personal property for a value of more than one thousand dollars ($1,000.00) and by using a pistol to endanger and threaten the life of Clarence Williams, Sr.; (2) endangering the life of Clarence Williams, Jr. by taking and carrying away another's personal property for a value of less than one thousand dollars ($1,000.00) and by using a pistol to endanger and threaten the life of

Clarence Williams, Jr.; and (3) unlawful, willful, and felonious assault of Clarence Williams, Sr. with a pistol, a deadly weapon, with the intent to kill and inflict serious injury. Pursuant to a plea agreement, defendant entered *Alford* pleas to two counts of armed robbery and the lesser offense of assault with a deadly weapon inflicting serious injury. Defendant did not appeal the trial court's acceptance of the plea agreement, the finding of aggravating and mitigating factors by the trial court, nor his sentence of twenty-five years imprisonment for each armed robbery case and five years imprisonment for assault. It was not until 7 November 2003 that defendant filed a petition for a writ of certiorari with this Court. On 26 November 2003, this Court issued an order allowing defendant's petition for the purpose of reviewing those judgments from 9 May 1995, but limiting review to only those issues within defendant's appeal of right pursuant to North Carolina General Statutes, section 15A-1444(a1) and (a2). Accordingly, in the instant case we do not reach the issue of whether a *Blakely* violation has occurred.

[3] Defendant further asserts that he is entitled to a new sentencing hearing in the armed robbery of Clarence Williams Sr. and of Clarence Williams Jr. because the trial court's finding of the aggravating factor that the offense involved the actual taking of property of great monetary value was not supported by the evidence. Defendant specifically contends that the amounts of thirteen hundred dollars ($1,300.00) and seven hundred dollars ($700.00) did not involve property of "great monetary value" as defined by this Court. The State, however, asserts that pursuant to North Carolina General Statutes, section 14-87, only an attempted taking, not the taking itself, is necessary to establish armed robbery. Accordingly, it is the mere attempt to take property of any value that is punishable as a felony of a higher class than any statutory provision governing the taking of property from the victim's person.

Although the State's assertion may be true, the State attempts to use this contention to disguise the central issue: whether the trial court could find that thirteen hundred dollars ($1,300.00) and seven hundred dollars ($700.00) constituted property of "great monetary value" within the aggravating factor list. We hold that it could not.

In the instant case, both defendant and the State agree that according to earlier decisions of this Court, twenty five hundred dollars ($2,500.00) is the least amount previously held to be of "great monetary value." *State v. Simmons*, 65 N.C. App. 804, 806, 310 S.E.2d

139, 141 (1984). Other decisions by our Supreme Court and this Court consistently have held that great monetary value included amounts of approximately three thousand dollars. *See generally State v. Barts*, 316 N.C. 666, 695, 343 S.E.2d 828, 846-47 (1986), *overruled on other grounds by, State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988) (upholding finding of great value based upon evidence of $3200.00 property taken); *State v. Thompson*, 314 N.C. 618, 623-24, 336 S.E.2d 78, 81 (1985) ($3177.40); *State v. Coleman*, 80 N.C. App. 271, 277, 341 S.E.2d 750, 753-54 ($3000.00) *disc. review denied*, 318 N.C. 285, 347 S.E.2d 466 (1986). As the State asserts, there is no bar that prevents this Court from holding that a great monetary amount may include an amount less than twenty five hundred dollars ($2,500.00), **nor** is there case law in this State that contains language that precludes this Court from holding that thirteen hundred dollars ($1,300.00) and seven hundred dollars ($700.00) constitute great monetary amounts. Nonetheless, we do not believe that the amounts of thirteen hundred dollars ($1,300) and seven hundred dollars ($700.00) constitute great or extraordinary amounts such that the trial court should properly find that either represented a sum of "great monetary. Therefore, the trial court's finding of the aggravating factor that the offense involved the actual taking of property of great monetary value was not supported by the evidence, and defendant is entitled to a new sentencing hearing. Accordingly, this assignment of error is sustained.

[4] Defendant further asserts that he is entitled to a new sentencing hearing in the assault case because the trial court's finding of the non-statutory aggravating factor that the offense involved monetary loss of twenty-nine thousand eight hundred thirty-seven dollars and twenty-nine cents ($29,837.29) was not supported by the evidence. Defendant contends that the amount must be supported by the evidence adduced at trial or at the sentencing hearing.

"The State bears the burden of proof if it wishes to establish the existence of an aggravating factor." *State v. Jones*, 104 N.C. App. 251, 256, 409 S.E.2d 322, 325 (1991) (citing *State v. Jones*, 309 N.C. 214, 306 S.E.2d 451 (1983)). "Where the State presents insufficient evidence to support an aggravating circumstance the defendant is entitled to a new sentencing hearing." *Id.* at 256, 409 S.E.2d at 325 (citing *State v. Thompson*, 314 N.C. 618, 336 S.E.2d 78 (1985)); *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983)). "While medical expenses, which represent a financial burden on the victim, may be considered as a non-statutory factor in aggravation, . . . we find that they may not be so used unless they are excessive and go beyond that

normally incurred from an assault of this type." *Jones*, 104 N.C. App. at 258, 409 S.E.2d at 326 (internal citation omitted). "With serious bodily injury necessarily goes, to a greater or lesser extent, the attendant pain and suffering, lost wages, medical bills and the like." *Id.* at 257, 409 S.E.2d at 325.

We agree, in the instant case, with the State's contention that Clarence Williams, Sr.'s medical expenses were "excessive" and surpassed those "normally incurred from an assault of this type." The State contends that defendant stipulated to Clarence Williams, Sr.'s medical bills in the amount of twenty nine thousand eight hundred thirty-seven dollars and twenty- nine cents ($29,837.29), based on the following colloquy:

> Court:     [Counsel], do you stipulate that there's a factual basis for the entry of the plea?

> Counsel:   Yes, sir. *We will stipulate there's a factual basis for the entry of the plea, allow the District Attorney to make a recitation if he so desires, and Your Honor I heard all of the evidence in the case yesterday, which was a companion with this case, and we would stipulate that you can also consider the information that was received in yesterday's case.* I heard the testimony of the witnesses yesterday.

> State:     Your Honor, you heard the evidence of the assault where he was shot in the right buttocks with the weapon being fired, shot in and up around his hip. Medical bills were $29,837.29. Anything else you want to hear?

(Emphasis added).

"[D]uring sentencing, a defendant need not make an affirmative statement to stipulate . . . to the State's summation of the facts, particularly if defense counsel had an opportunity to object to the stipulation in question but failed to do so." *State v. Alexander*, 359 N.C. 824, 829, 616 S.E.2d 914, 918 (2005). Defendant's counsel did not object to the State's recitation of the $29,837.29 figure as the amount of Clarence Williams, Sr.'s medical bills. Nor did defendant's counsel take exception to the amount of medical expenses offered by the State in support of its argument for the existence of the non-statutory aggravating factor of great monetary loss. Defense counsel's only argument against that aggravating factor was that it was

an element of the charge of assault inflicting serious injury. Accordingly, we hold that defendant did stipulate to the amount of Clarence Williams, Sr.'s medical expenses as $29,837.29 and over- rule this assignment of error.

Affirmed in part, reversed in part, and remanded for re-sentenc- ing not inconsistent with this opinion.

Judges WYNN and BRYANT concur.