STATE OF NORTH CAROLINA v. JAMES JORDAN COBB, III

No. 447PA05

(Filed 28 June 2007)

**Constitutional Law; Sentencing— *Blakely* error—harmlessness**

Assuming that the trial court committed *Blakely* error in finding an aggravating factor and sentencing defendant in the aggravated range, any such error was harmless beyond a reasonable doubt.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 172 N.C. App. 172, 616 S.E.2d 29 (2005), finding no error in part in judgments entered 27 and 28 August 2003 by Judge Melzer A. Morgan, Jr. in Superior Court, Guilford County, but remanding the case for resentencing. On 19 December 2006, the Supreme Court allowed defendant's motion to bypass the Court of Appeals and conditional petition for writ of certiorari to review an additional issue. Heard in the Supreme Court 7 May 2007.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant/ appellee.*

*Adams & Osteen, by William L. Osteen, Jr., for defendant-appellee/appellant.*

PER CURIAM.

On 25 August 2003, defendant James Jordan Cobb, III pleaded guilty to five counts of embezzlement in violation of N.C.G.S. § 14-90 and one count of malfeasance by a corporate officer in violation of N.C.G.S. § 14-254. These charges arose from defendant's diversion of over $1,100,000 into an unauthorized bank account and embezzlement of over $800,000 from his former employers Southland Pine Needles, LLC and/or Southern Importers, Inc. during a four and one-half year period. Pursuant to the plea agreement, the trial court consolidated the embezzlement convictions into a single judgment of embezzlement of over $100,000, a Class C felony. The trial court then found as an aggravating factor that the embezzlement offenses involved the actual taking of property of great monetary value. De-

**STATE v. COBB**

[361 N.C. 414 (2007)]

fendant was sentenced in the aggravated range to an active term of imprisonment of 92 to 120 months for the embezzlement convictions and in the presumptive range to an active term of imprisonment of 6 to 8 months for the corporate malfeasance conviction. The trial court then suspended the sentence for the corporate malfeasance conviction and ordered 60 months of supervised probation to begin at the expiration of defendant's incarceration for the embezzlement convictions. Defendant appealed to the Court of Appeals, which remanded for resentencing, holding that the trial court committed *Blakely* error by finding an aggravating factor and sentencing defendant in the aggravated range and that such error was structural.

We assume without deciding that the trial court committed *Blakely* error in finding an aggravating factor and sentencing defendant in the aggravated range. *See Blakely v. Washington*, 542 U.S. 296 (2004). However, after a thorough review of the record, we hold that any such error was harmless beyond a reasonable doubt and therefore reverse the decision of the Court of Appeals. *See Washington v. Recuenco*, —— U.S. ——, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006); *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, —— U.S. ——, —— S. Ct. ——, —— L. Ed. 2d ——, 75 U.S.L.W. 3609 (2007). We also remand the case to the Court of Appeals to make determinations on defendant's assignments of error not originally addressed by that court. Additionally, we conclude that defendant's petition for writ of certiorari was improvidently allowed. The remaining issues addressed by the Court of Appeals are not before this Court and the Court of Appeals' decision as to these issues remains undisturbed.

REVERSED IN PART AND REMANDED; WRIT OF CERTIORARI IMPROVIDENTLY ALLOWED.

Justices TIMMONS-GOODSON and HUDSON took no part in the consideration or decision of this case.