STATE OF NORTH CAROLINA v. JAMES JORDAN COBB, III

No. COA04-508-2

(Filed 20 November 2007)

**Sentencing— aggravating factor—taking property of great monetary value—offense with minimum value**

The trial court did not err by finding the aggravating factor that defendant's embezzlements involved taking property of great monetary value where the embezzlement class to which he pled guilty had as an element that the property had a value of $100,000 or more and the amounts of $404,436 and $296,901 were actually embezzled by defendant.

Upon remand from the Supreme Court of North Carolina by defendant from judgments entered on 27 August 2003 and 28 August 2003 by Judge Melzer A. Morgan in Guilford County Superior Court. Originally heard in the Court of Appeals 8 December 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Cahoon & Swisher, North, Cooke & Landreth, by A. Wayland Cooke, for defendant-appellant.*

STEELMAN, Judge.

This matter comes back before this Court upon the remand of the Supreme Court in *State v. Cobb*, 361 N.C. 414, 646 S.E.2d 365, (2007). The Supreme Court held pursuant to *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, 127 U.S. 2281, 167 L. E. 2d 1114 (2007), that any error under *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), was "harmless beyond a reasonable doubt . . ." *Cobb*, 361 N.C. at 415, 646 S.E.2d at 366. However, this Court was directed to "make determinations on defendant's assignments of error not originally addressed by that court." *Id.* Defendant's appeal contained seven assignments of error; three of these assignments of error were deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) for failure to argue them in defendant's brief. A fourth assignment of error was cursorily argued for preservation purposes only. This Court's opinion addressed the remaining three assignments of error. As to assignments of error six and seven, the trial court's decision was upheld by this Court and that ruling was affirmed by the Supreme Court. As to assignment of error two, defendant made two sub-arguments; first, that the finding of an aggravating factor by the trial judge violated *Blakely*, and second, that it was improper under N.C. Gen. Stat. § 15A-1340.16(d) (2005) to consider the aggravating factor that the offense involved the "taking of property of great monetary value," N.C. Gen. Stat. § 15A-1340.16(d)(14) (2005), when defendant pled guilty to the Class C felonies of embezzlement under N.C. Gen. Stat. § 14-90 (2005), the value of the property being $100,000 or more. The latter question is the only issue not addressed in our prior opinion, and we limit our analysis to that issue.

Facts set forth in the original opinion of this Court are not repeated. Additional facts relevant to this opinion are set forth below. Defendant was indicted on three counts of embezzlement where the amount exceeded $100,000 (Class C felony), and two counts where

the amount was less than $100,000 (Class H felony). The amounts alleged to have been embezzled as to the Class C felonies were $404,436.00, $109,763.00, and $296,901.00, respectively. Defendant pled guilty to all five counts of embezzlement, and they were consolidated for purposes of judgment. The trial court found an aggravating factor as to the embezzlements involving $404,436.00 and $296,901.00, that these offenses involved "the actual taking of property of great monetary value." Four mitigating factors were found by the trial court, but the aggravating factor was found to outweigh the mitigating factors, and an active aggravated-range sentence of 92-120 months was imposed as to the consolidated embezzlement charges.

Defendant argues that since he pled guilty to the Class C felonies of embezzlement, which have as one of their elements that the property has a value of $100,000 or more, that the trial court was prohibited from using the aggravating factor of "great monetary value." N.C. Gen. Stat. § 15A-1340.16(d)(14). We disagree.

Defendant correctly notes that one of the elements of the Class C felony of embezzlement is that the property have a value of $100,000 or more. He is also correct in noting that N.C. Gen. Stat. § 15A-1340.16(d) provides that:

Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same item of evidence shall not be used to prove more than one factor in aggravation.

However, this does not end our inquiry.

We note that the learned trial judge only found the aggravating factor as to the embezzlements involving the sums of $404,436.00 and $296,901.00. It was not found as to the count involving $109,763.00. N.C. Gen. Stat. § 15A-1340.15(b) (2005) ("The judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense, and its minimum sentence of imprisonment shall be within the ranges specified for that class of offense and prior record level[.]").

By pleading guilty, defendant admitted his guilt to all facts set forth in the indictments, including the amounts of the embezzlement of $404,436.00 and $296.901.00. *See State v. Hendricks*, 138 N.C. App. 668, 672, 531 S.E.2d 896, 899 (2000). The question of whether the aggravating factor of "great monetary value" can be used in the context of Class C embezzlement has not been directly addressed by our

courts. However, the use of this aggravating factor has been addressed in the context of felonious larceny.

"Larceny of goods of the value of more than one thousand dollars ($1,000) is a Class H felony." N.C. Gen. Stat. § 14-72(a) (2005). The trial judge is not precluded from finding the taking of property of great monetary value as an aggravating factor. *State v. Thompson*, 309 N.C. 421, 422, 307 S.E.2d 156, 158 (1983).

In larceny cases, this Court has held that twenty-five hundred dollars ($2,500.00) can be an amount of "great monetary value" supporting this aggravating factor in a case of felonious larceny. *State v. Simmons*, 65 N.C. App. 804, 806, 310 S.E.2d 139, 141 (1984). "Other decisions by our Supreme Court and this Court consistently have held that great monetary value included amounts of approximately three thousand dollars." *State v. Pender*, 176 N.C. App. 688, 695, 627 S.E.2d 343, 347 (2006) (citations omitted). "[T]here is no bar that prevents this Court from holding that a great monetary amount may include an amount less than twenty five hundred dollars ($2500.00)[.]" *Id.* at 695, 627 S.E.2d at 348.

Thus, this Court has held that $2,500 to $3,000 can support the aggravating factor of "great monetary value" where the threshold amount of the offense is $1,000. This rationale is applicable to cases involving embezzlements of $100,000 or more.

We decline to establish a rigid test based upon a ratio of the amount embezzled to the threshold amount of the offense. Rather, the ratio is a factor to be considered along with the total amount of money actually taken in deciding whether it is appropriate to find this aggravating factor.

We hold that in this case, the trial court correctly determined that the sums of $404,436.00 and $296,901.00 were sums of "great monetary value" when compared with the threshold amount required for the offense of $100,000.00.

As to the second portion of defendant's second assignment of error, we affirm the ruling of the trial court.

AFFIRMED.

Judges STEPHENS and STROUD concur.