IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-83

Filed: 1 December 2020

Wilkes County, No. 18CRS421

STATE OF NORTH CAROLINA

v.

SHELLEY LOVETTE GAMBLE

Appeal by Defendant from judgment entered 25 July 2019 by Judge Michael D. Duncan in Wilkes County Superior Court. Heard in the Court of Appeals 17 November 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Teresa L. Townsend, for the State.*

*Patterson Harkavy LLP, by Narendra K. Ghosh, for Defendant.*

COLLINS, Judge.

Defendant challenges her sentence following conviction of eight counts of embezzlement of property received by virtue of office or employment. She argues that the trial court erred by applying the aggravating factor of "taking of property of great monetary value," N.C. Gen. Stat. § 15A-1340.16(d)(14), to one of her convictions because the value embezzled, $202,242.62, was not far greater than the $100,000

threshold amount required to support a conviction of Class C felony embezzlement under N.C. Gen. Stat. § 14-90(c). We discern no error.

## I. Factual Background and Procedural History

Brushy Mountain Group Homes is a nonprofit which runs three group homes in Wilkes County for adults with intellectual disabilities. Brushy Mountain first hired Defendant as a manager in 1989. Defendant subsequently became Brushy Mountain's executive director in July 2001.

In July 2016, Defendant informed Brushy Mountain's Board of Directors that the nonprofit was out of funds. Between June 2012 and July 2016, the balance in Brushy Mountain's various accounts had fallen from over $400,000 to $440. Concerned, the Board of Directors forwarded Brushy Mountain's financial records to its attorney, and then to the State Bureau of Investigation ("SBI"). An SBI investigation revealed $410,203.41 in unauthorized expenditures. These expenditures included 373 checks totaling $26,251.81 in 2014, $202,242.62 in 2015, and $168,240.00 in 2016, as well as $13,468.98 in credit card charges spanning 2012 to 2016. All of the checks were deposited into Defendant's checking account or endorsed by Defendant. Defendant resigned her position as executive director in August 2016.

On 4 September 2018, Defendant was indicted on eight counts of embezzlement of property received by virtue of office or employment, pursuant to

N.C. Gen Stat. § 14-90; two of the counts alleged Defendant embezzled property valued $100,000 or more. Each individual indictment corresponded to the sum of one particular year's unauthorized checks or credit card transactions. Defendant was tried before a jury in Wilkes County Superior Court from 22 to 25 July 2019. The jury found Defendant guilty of all charges.

At sentencing, Defendant pled guilty to the aggravating factor that one of the offenses involving unauthorized credit card transactions and all three offenses involving unauthorized checks "involved an . . . actual taking of property of great monetary value." *See* N.C. Gen. Stat. § 15A-1340.16(d)(14) (2019). The trial court applied the aggravating factor to Defendant's conviction of embezzlement of $202,242.62 in 2015, and sentenced Defendant to 92 to 123 months' imprisonment.[1] The trial court consolidated the remaining convictions and imposed sentences within the presumptive range, suspended for 60 months of supervised probation. Additionally, the trial court ordered Defendant to pay $25,000 in restitution. Defendant gave notice of appeal in open court.

## II. Discussion

Defendant's sole argument on appeal is that the trial court erred by imposing a sentence in the aggravated range. Specifically, Defendant contends that the "great

---

[1] While the trial court consolidated Defendant's convictions for the 2015 and 2016 checks for the purposes of sentencing, it only applied the aggravating factor on the basis of the $202,242.62 Defendant was convicted of embezzling in 2015.

monetary value" aggravating factor cannot be applied because the value embezzled, $202,242.62, was not far greater than the $100,000 amount required to support a conviction of Class C felony embezzlement under N.C. Gen. Stat. § 14-90(c). Alleged statutory sentencing errors are questions of law which we review de novo. *State v. Allen*, 249 N.C. App. 376, 379, 790 S.E.2d 588, 591 (2016).

When sentencing a criminal defendant, the trial court must consider "evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate . . . ." N.C. Gen. Stat. § 15A-1340.16(a) (2019). A "defendant may admit to the existence of an aggravating factor, and the factor so admitted shall be treated as though it were found by a jury . . . ." *Id.* § 15A-1340.16(a1) (2019).

"Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation . . . ." *Id.* § 15A-1340.16(d) (2019). The aggravating factor at issue in this case is whether "[t]he offense involved an attempted or actual taking of property of great monetary value . . . ." *Id.* § 15A-1340.16(d)(14). One of the elements of Class C felony embezzlement of property received by virtue of office or employment is that the value of the property taken was $100,000 or more. *Id.* § 14-90(c) (2019).

Though a conviction for Class C felony embezzlement requires evidence of this threshold value, a trial court may still be permitted to apply the "great monetary

value" aggravating factor when sentencing a defendant for the offense. *See State v. Cobb,* 187 N.C. App. 295, 297, 652 S.E.2d 699, 700 (2007) (permitting application of the "great monetary value" aggravating factor where the defendant pled guilty to three counts of Class C felony embezzlement). The trial court's ability to do so is not subject to a

> rigid test based upon a ratio of the amount embezzled to the threshold amount of the offense. Rather, the ratio is a factor to be considered along with the total amount of money actually taken in deciding whether it is appropriate to find this aggravating factor.

*Id.* at 298, 652 S.E.2d at 701.

For example, in *Cobb*, the defendant pled guilty to three counts of Class C felony embezzlement under N.C. Gen. Stat. § 14-90(c). *Id.* at 296-97, 652 S.E.2d at 700. At sentencing, the trial court applied the "great monetary value" aggravating factor to the counts involving embezzlement of $404,436 and $296,901. *Id.* at 297, 652 S.E.2d at 700. This Court held that the trial court did not err because these "were sums of 'great monetary value' when compared with the threshold amount required for the offense of $100,000.00." *Id.* at 298, 652 S.E.2d at 701.

In the context of Class H felony larceny under N.C. Gen. Stat. § 14-72(a)—an offense which requires a threshold value of more than $1,000—this Court has held that values between $2,500 and $3,000 are sufficient to support application of the "great monetary value" aggravating factor. *State v. Pender*, 176 N.C. App. 688, 694-95, 627 S.E.2d 343, 347-48 (2006); *State v. Simmons*, 65 N.C. App. 804, 806, 310

S.E.2d 139, 141 (1984). Additionally, "there is no bar that prevents this Court from holding that a great monetary amount" for the purpose of a Class H felony larceny conviction "may include an amount less than [$2,500]." *Pender*, 176 N.C. App. at 695, 627 S.E.2d at 348.

Here, both the ratio between the amount embezzled and the statutory threshold, as well as the total amount of money embezzled, support the application of the "great monetary value" aggravating factor. Defendant was convicted of embezzling $202,242.62 in 2015, more than two times greater than the applicable $100,000 threshold. *See* N.C. Gen. Stat. § 14-90(c). Defendant's argument that "[t]his Court has never approved use of the 'great monetary amount' aggravator where the ratio of the amount taken and the offense's threshold amount was less than 2.5" disregards our disavowal of any rigid test based upon a fixed ratio. *Cobb*, 187 N.C. App. at 298, 652 S.E.2d at 701.

Additionally, $202,242.64 is, from the standpoint of an ordinary person, a great value of money. Defendant's assertion that "the amount at issue here is only somewhat above the $100,000 threshold" is not credible. Defendant's argument that the trial court erred by applying the "great monetary value" aggravating factor when sentencing her is overruled.

### III. Conclusion

Because Defendant was convicted of embezzling $102,242.62 in excess of the $100,000 threshold required for a conviction of Class C felony embezzlement under

N.C. Gen. Stat. § 14-90(c), the trial court did not err by applying the aggravating factor of "taking of property of great monetary value" when sentencing Defendant.

NO ERROR.

Judges DIETZ and ZACHARY concur.